**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| NAFEESA SYEED, and similarly situated employees, | : |
| Plaintiffs, | : |
| -against- | : |
| BLOOMBERG L.P., MATTHEW WINKLER, JOHN MICKLETHWAIT, MARTY SCHENKER, RETO GREGORI, and "JOHN DOES" 1-10 | : |
| Defendants. | : |

_____ CV _____

**NOTICE OF REMOVAL**

Defendants Bloomberg L.P. ("BLP"), Matthew Winkler, John Micklethwait, Marty Schenker, and Reto Gregori (collectively, "Defendants"), by their undersigned attorneys, hereby remove this civil action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453. This Court has original jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). In support of their Notice of Removal, Defendants state that removal is proper for the reasons stated below.

## BACKGROUND

1.      On or about August 9, 2020, Plaintiff Nafeesa Syeed ("Plaintiff") commenced this action, entitled *Nafeesa Syeed and similarly situated employees against Bloomberg, L.P., Matthew Winkler, John Micklethwait, Marty Schenker, Reto Gregori, and "John Does" 1-10*, Index No. 156215/2020, by filing a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York (the "State Court Action"), on behalf of herself and

"similarly situated employees and former employees."  A true and correct copy of the Summons and Verified Complaint (the "Complaint") is attached hereto as **Exhibit A**.

2.      On or about August 11, 2020, Plaintiff filed an Amended Verified Complaint in the State Court Action.  A true and correct copy of the Amended Verified Complaint (the "Amended Complaint") is attached hereto as **Exhibit B**.

3.      As reflected in the Affidavit of Service filed on August 19, 2020, Plaintiff served BLP with the Complaint and Amended Complaint via an authorized agent in the Office of the Secretary of State, of the State of New York, on August 14, 2020.   A true and correct copy of the Affidavit of Service is attached hereto as **Exhibit C**.

4.      On August 17, 2020, counsel for Defendants notified Plaintiff's counsel that, without waiver of any defenses available to Defendants, they were authorized to accept service on behalf of Matthew Winkler, John Micklethwait, Marty Schenker, and Reto Gregori (collectively, the "Individual Defendants"), as well as BLP.  Counsel for Defendants also requested a copy of the operative pleadings.  On August 17, 2020, Plaintiff's counsel emailed a copy of the Complaint and Amended Complaint to Defendants' counsel and stated that Plaintiff had not served any of the Individual Defendants.  Therefore, the Individual Defendants first received a copy of the Complaint and Amended Complaint on August 17, 2020.

5.      Aside from the Complaint, the Amended Complaint and the Affidavit of Service, no other process, pleadings, or orders have been served upon Defendants in the State Court Action.

6.      This Notice of Removal is timely because it is filed within thirty days of when BLP, the earliest-served Defendant, first received a copy of the Complaint and the Amended Complaint on August 14, 2020.  28 U.S.C. § 1446(b).

7.     Plaintiff purports to bring and maintain this action as a class action pursuant to Sections 901 and 1002 of the New York Civil Practice Law and Rules ("CPLR").  (Ex. B, Amended Complaint ("Am. Compl.") ¶ 1.)  Specifically, Plaintiff seeks to represent a putative class of "similarly situated female Bloomberg employees and former employees."  (*Id.* ¶ 45.)

8.     In the Amended Complaint, Plaintiff purports to assert class-wide causes of action under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") for: (i) alleged disparate treatment on the basis of sex (*id.* ¶¶ 201-05, 211-15); (ii) alleged disparate treatment on the basis of race (*id.* ¶¶ 206-10, 216-19); (iii) alleged hostile work environment on the basis of sex and race (*id.* ¶¶ 220-23); (iv) alleged disparate impact discrimination on the basis of sex (*id.* ¶¶ 224-31); (v) alleged disparate impact discrimination on the basis of race (*id.* ¶¶ 232-39); (vi) aiding and abetting alleged discrimination against the Individual Defendants under the NYCHRL (*id.* ¶¶ 240-42); and (vii) constructive discharge under the NYCHRL (*id.* ¶¶ 243-46).  The relief Plaintiff purports to seek on behalf of herself and the putative class includes "deprivation of income and benefits, loss of employment opportunities," "compensatory damages for emotional pain and suffering, mental anguish, humiliation, loss of reputation and career opportunity," punitive damages, attorneys' fees, costs and disbursements, and interest.  (*Id.* ¶¶ 204-05 & p. 54.)

## VENUE

9.     Venue lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 112(b).  This action was originally brought in the Supreme Court of the State of New York, County of New York, which lies within the Southern District of New York.

## CLASS ACTION FAIRNESS ACT

10.     This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2).  The district court has original jurisdiction over the action because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of one of the Defendants.  28 U.S.C. §§ 1332(d)(2), (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 1332(d)(5)(B).  Thus, this action is properly removable pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY

11.     CAFA requires only minimal diversity between the parties.  *See, e.g., Fields v. Sony Corp. of Am.,* No. 13-cv-6520 (GBD), 2014 WL 3877431, at *1 (Aug. 4, 2014).  Minimal diversity exists where "at least one defendant and one member of the putative class are citizens of different states." *Id.; see also* 28 U.S.C. § 1332(d)(2).

12.     Plaintiff's Citizenship.  In her Amended Complaint, Plaintiff alleges that she "currently resides in the State of New Jersey."  (Am. Compl. ¶ 5.)  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.  *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).  A person may only have one domicile at a time, and a domicile does not change until an individual "acquire[s] a new residence and intends to remain there." *Kubin v. Miller*, 801 F. Supp. 1101, 1110 (S.D.N.Y. 1992).  *See also Galu v. Attias*, 923 F. Supp. 590, 595 (S.D.N.Y. 1996) ("An individual's residence at the time the law suit is commenced is prima facie evidence of his domicile.").  Thus, upon information and belief, Plaintiff is a citizen of New Jersey.

4

13.     BLP's Citizenship.  Under CAFA, an "unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10).  BLP is a limited partnership formed under the laws of Delaware, with its principal place of business in New York.  Therefore, BLP is a citizen of Delaware and New York.

14.     Individual Defendants' Citizenship.  Mr. Winkler is a citizen of the State of New Jersey; Messrs. Schenker and Gregori each are citizens of the State of New York; and Mr. Micklethwait is a citizen of the United Kingdom.

15.     Citizenship of Members of Purported Class.  In the Amended Complaint, Plaintiff defines the putative class as "Plaintiff Syeed and other similarly situated female Bloomberg employees and former employees."  (Am. Compl. ¶ 45; see also id. ¶¶ 204, 225, 230.)  Plaintiff does not otherwise define or limit the putative class in terms of work location, position or job title, department or other identifying details.

16.     Based on BLP's human resources records, at least one (and indeed a majority) of the putative class members are citizens of states other than New York.  As of August 9, 2017, BLP employed approximately 5,547 female employees across the Company and approximately 1,707 of those female employees resided in New York.  As of August 9, 2018, BLP employed approximately 5,851 female employees across the Company and approximately 1,800 of those female employees resided in New York.  As of August 9, 2019, BLP employed approximately 6,009 female employees across the Company and approximately 1,840 of those female employees resided in New York.  As of August 9, 2020, BLP employed approximately 6,435

female employees across the Company and approximately 1,876 of those female employees resided in New York.[1]

17.      Therefore, as of the date of the filing of the Complaint, and as of the date of this filing, minimal diversity exists for several reasons: (i) Plaintiff and BLP are citizens of different states; (ii) Plaintiff and Individual Defendants Schenker and Gregori are citizens of different states; (iii) members of the putative class are citizens of different states from Individual Defendants Schenker and Gregori and (iv) Plaintiff and members of the putative class are citizens of states and Individual Defendant Micklethwait, is a citizen of a foreign state.

18.      <u>Size of Class</u>.  Removal under CAFA is appropriate where there are at least one hundred (100) members of all proposed classes in the aggregate.  *See* 28 U.S.C. § 1332(d)(5)(B). Although the Amended Complaint makes no allegations regarding the size of the putative class, BLP's review of business records reflects that BLP employed approximately 5,547 female employees as of August 9, 2017, approximately 5,851 female employees as of August 9, 2018, approximately 6,009 female employees as of August 9, 2019, and approximately 6,435 female employees as of August 9, 2020.  Accordingly, the class size consists of at least 100 putative class members.

## AMOUNT IN CONTROVERSY

19.      The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  Congress intended for federal jurisdiction to attach under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint

---

[1] For purposes of this Notice of Removal only, Defendants reference the time period of 2017 through 2020 because Plaintiff's claims under the NYSHRL and NYCHRL are subject to a three-year statute of limitations.  *See* N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d).

of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. 109-14, at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class action in state or federal court should be resolved in favor of federal jurisdiction.  S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendants.").

20.     Where, as here, the operative complaint does not specify the amount of damages sought, the removing defendant's "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-88 (2014) (internal citations and alterations omitted).  If the plaintiff contests the amount-in-controversy, removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Id.*  In other words, federal jurisdiction is proper if the Court finds that it is "more likely than not" that more than $5,000,000 has been placed in controversy.  When the amount in controversy is not readily apparent from a complaint, the court may consider facts in the removal petition to determine the potential damages at issue.  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 376-77 (9th Cir. 1997); *Davenport v. Proctor & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957).

7

21.     The alleged amount in controversy in this putative class action plausibly exceeds, in the aggregate, $5,000,000, exclusive of costs and interest.  Defendants deny Plaintiff's claims in their entirety and assert that Plaintiff's claims are not amenable to class treatment, but provide the following analysis of potential damages in order to demonstrate that the Amended Complaint alleges a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(d).[2]

22.     In the Amended Complaint, Plaintiff alleges on behalf of herself and other similarly situated female BLP employees that "Plaintiff(s) have suffered" an unspecified amount of damages that purportedly includes, *inter alia*, alleged "deprivation of income and benefits, loss of employment opportunities," "compensatory damages for emotional pain and suffering, mental anguish, humiliation, loss of reputation and career opportunity," "punitive damages," "attorneys' fees, costs and disbursements," and "interest."  (Am. Compl. ¶¶ 204-05 & p. 54.)

23.     BLP's human resources record reflect that, during the entirety of the period of August 1, 2017 to August 30, 2020, BLP employed a total number of approximately 8,446 female employees.

24.     Given the nature of the damages sought in the Amended Complaint and the number of putative class members Plaintiff seeks to represent, it is clear the amount the putative class seeks, in the aggregate, would be over $5,000,000.  Indeed, assuming that each female employed by BLP between 2017 and 2020 seeks $592.00 in alleged damages for "deprivation of income and benefits, loss of employment opportunities," and compensatory damages for alleged emotional distress, that alone would equate to over $5,000,000.  *See Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-cv-1238 (JS) (WDW), 2014 WL 2945741, at *6

---

[2] More specifically, Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or the putative class she claims to represent.  Defendants further specifically deny that Plaintiff has suffered any damage as a result of any act or omission by Defendants.  No statement or reference contained herein

(E.D.N.Y. June 30, 2014) ("Given the size of the purported class (which is alleged to be in the thousands) and the expansive nature of Plaintiffs' claimed damages, it [is] hard to see how the amount-in-controversy does not exceed $5 million in actual damages and equitable relief . . . ."); *McElroy v. Cordish Cos., Inc.*, No. 15-cv-390 (DJH), 2016 WL 1069684, at *3 (W.D. Ky. Mar. 16, 2016) (amount-in-controversy requirement satisfied where plaintiff sought "compensatory, liquidated, and punitive damages, as well as attorney fees, lost wages, 'lost good will and reputation value,' [and] 'damages for embarrassment, humiliation and mental anguish'" on behalf of "'several hundred' individuals"); *Gaudet v. Am. Home Shield Corp.*, No. 11-1857, 2012 WL 601884, at *2 (E.D. La. Feb. 23, 2012) (holding that it was reasonable to infer plaintiffs sought $5,000,000 in damages where they alleged, *inter alia*, damages for "pain and suffering, mental anguish, and emotional distress" on behalf of a class of "thousands of people"). Moreover, this figure is exclusive of attorneys' fees, which are properly included in the calculation of the amount in controversy where, as here, they are permitted by the statute or statutes under which Plaintiff asserts her claims.  *Fields,* 2014 WL 3877431, at *2.

25.    As demonstrated above, the $5,000,000 amount-in-controversy requirement for removal under Section 1332(d)(2) is plausibly satisfied, even without addressing Plaintiff's claims for attorneys' fees.

26.    BLP and the Individual Defendants consent to the removal of this action.

27.    Concurrent with the filing of this Notice of Removal, Defendants are filing a Notice of Filing of Notice of Removal in the Supreme Court of the State of New York, County of New York, and copies will be served on all counsel of record.

---

shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint, the Amended Complaint or otherwise.

28.     By filing this Notice of Removal, Defendants intend no admission of fact, law or liability, and do not waive any defenses, including, without limitation, lack of personal jurisdiction, improper venue or forum, all defenses specified in Fed. R. Civ. P. 12, or any other defenses.

WHEREFORE, Defendants hereby give notice that the above-referenced action now pending against them in the Supreme Court of New York, County of New York, has been removed therefrom to this United States District Court for the Southern District of New York.

Dated: New York, New York
       September 11, 2020

PROSKAUER ROSE LLP

By:  /s/ Elise M. Bloom
Elise M. Bloom
Rachel S. Philion
Allison L. Martin
Eleven Times Square
New York, New York 10036
(t) 212-969-3000
(f) 212-969-2900
ebloom@proskauer.com
rphilion@proskauer.com
amartin@proskauer.com

*Attorneys for Defendants Bloomberg L.P.,
Matthew Winkler, John Micklethwait, Marty
Schenker, and Reto Gregori*

10