# COHENMILSTEIN

Christine E. Webber<br>
(202) 408-4616<br>
(202) 408-4699<br>
cwebber@cohenmilstein.com

May 20, 2022

Magistrate Judge Gabriel Gorenstein  
Daniel Patrick Moynihan, U.S. Courthouse  
500 Pearl Street  
New York, New York 10007

**MEMORANDUM ENDORSED**

      Re:     *Ndugga v. Bloomberg, L.P.*, No. 20-CV-07464

Dear Judge Gorenstein:

      Pursuant to Paragraph 2(A) of Your Honor's Individual Practices, Plaintiff submits this discovery letter to request a conference regarding Defendant Bloomberg, L.P.'s ("BLP" or "Defendant") responses to Plaintiff Naula Ndugga's ("Plaintiff") Interrogatories. The parties are at an impasse after Defendant's belated and meager efforts to meet and confer. BLP's failure to communicate promptly, in addition to its responses—at first plainly in violation of the Court's prior discovery orders and then overly formalistic and lacking in transparency—evidence Defendant's strategy of delay.

**1.**     **Procedural History**

      Plaintiff served her First Set of Interrogatories on January 13, 2022. BLP timely served its objections and verified answers on February 14 and supplemented its responses on March 9, **Ex. A**. The parties exchanged letters concerning ROG 1 on February 21 (Plaintiff), March 2 (BLP), April 8 (Plaintiff), and April 21 (BLP). These communications did not fully resolve their disputes.

      Plaintiff served her Second Set of Interrogatories on March 18, 2022. BLP timely served its objections and answers on April 18. **Ex. B**. The answers to the interrogatories were not verified by any BLP representative pursuant to Fed. R. Civ. P. 33(b)(5). Several responses plainly flouted Your Honor's April 7 discovery orders. On April 21, Plaintiff sent a letter to Defendant, in which she identified deficiencies, provided clarifications and compromises, and requested a meet and confer call.

      After not receiving any response for over a week, on April 29, Plaintiff informed Defendant by email that she intended to seek assistance from this Court to resolve the presumed impasse, given that Defendant far exceeded the Court's requirement to "respond within one business day to any request from another party to confer." Individual Practice 2(A). She also gave notice that she would seek the Court's assistance in resolving the parties' impasse on ROG 1. Minutes before Plaintiff filed a letter on April 29 with the Court seeking its intervention, BLP finally responded

COHENMILSTEIN

Judge Gorenstein
May 20, 2022
Page 2

with a letter. The parties agreed to confer on May 4, and then, at BLP's request, rescheduled to May 6 at 9AM, when the parties conferred for a half hour.[1] Before providing substantive responses on several matters, BLP stated it needed to discuss internally and promised responses on May 9.

On May 9, Plaintiff sent a letter memorializing her understanding of the status of all issues, including that she would receive answers that day. That evening, BLP emailed that it would provide "a substantive response . . . later" in the week. BLP sent a letter in the evening of May 12, in which it confirmed its agreement to provide verified interrogatory responses that would also incorporate information provided in its April 29 letter. BLP restated its objections otherwise.

On May 18 at 9:30AM, the parties conferred by phone for 45 minutes on several topics.[2] Plaintiff attempted to further confer and reach consensus on disputes related to RFPs and interrogatories. Defendant remained unmoved and did not dispute Plaintiff's assessment that the parties were at an impasse. Plaintiff informed BLP on this call that she would be seeking the Court's assistance in resolving the outstanding RFP and interrogatory issues. Despite raising no objections on the call, Defendant emailed that afternoon to argue any letter to the court would be "premature" since BLP intended to supplement its RFP responses by the end of the week. Plaintiff responded that she would await those responses with respect to RFPs, but that she would proceed with contacting the Court regarding the parties' interrogatory impasse.

**2.    Plaintiff's Position**

Disputes relating to ROGs 1–10: Plaintiff's interrogatories requested the identification of "all persons with information or knowledge" regarding: any of the factual matters relevant or material to Plaintiff's claims as alleged in the Complaint, or Defendant's defenses (ROG 1); and of certain paragraphs of the Third Amended Complaint (ROGs 2–10). Defendant has objected and largely refused to answer all interrogatories under the specious ground that "no person has 'information' or 'knowledge' of such allegations" because Defendant has deemed the specified factual allegations "untrue." Such bald, unverified denials are insufficient. *See, e.g.*, *Doe v. Karadzic*, Nos. 93 Civ. 878 (PKL) (HBP), 93 Civ. 1163 (PKL) (HBP), 1997 WL 45515, at *7 (S.D.N.Y. Feb. 4, 1997) (requiring defendant in his interrogatory responses to "either (1) provide the information sought; (2) describe in detail the efforts defendant has made to obtain the information sought[;] or (3) explain why defendant has been unable to undertake reasonable efforts to obtain the information sought"). In responding to a request for identification of individuals with knowledge of "allegations," it would certainly be responsive to identify those who have knowledge

---

[1] Attendees included Christine Webber, Rebecca Ojserkis, and Donna Clancy, on behalf of Plaintiff, and Mark Batten, Elise Bloom, and Pinny Goldberg, on behalf of BLP.

[2] Attendees included Christine Webber, Rebecca Ojserkis, and Donna Clancy, on behalf of Plaintiff, and Mark Batten, Elise Bloom, Pinny Goldberg, and two e-discovery experts (the call also involved the parties' disputed ESI protocol), on behalf of BLP.

COHENMILSTEIN

Judge Gorenstein
May 20, 2022
Page 3

that an allegation is false. The fact that an allegation is denied does not mean that no individuals need to be identified. Defendant claims it may decline to identify persons with knowledge of an allegation's falsity based on *Stinson v. Sirleff*, No. 92 CIV. 6059 (SWK), 1994 WL 406344, at *1 (S.D.N.Y. Aug. 1, 1994) ("[T]he defendants object to some interrogatories as assuming a fact that is disputed by the defendant. Again, the proper response in this case is for the defendant to state, in answer to the interrogatory, his denial of any assumed fact."). In addition to the fact that *Stinson* did not expressly consider that the responding party should identify the individuals who have knowledge that an allegation is untrue, BLP has not yet had any representative verify its answers to ROGs 2–10, and thus BLP is not in compliance with even the minimum advocated by *Stinson*.[3]

In its April 29 and May 12 letters, Defendant also objected that Plaintiff's interrogatories were impermissible "blockbuster" interrogatories, relying on out-of-circuit decisions concerning requests quite different from the ones at issue here. The cases cited addressed interrogatories which requested statements of "each and every fact" supporting claims or defenses, requiring a party to "provide a narrative account of his case." That is not remotely akin to the interrogatories seeking identification of persons with knowledge of specified paragraphs of the complaint.

Additional disputes regarding individual interrogatories:

ROG 1: ROG 1 seeks identification of "all persons who may have information or knowledge with respect to any factual matters relevant or material to the claims of Plaintiff as alleged in the Complaint, or the defenses of Defendant, regardless of whether or not Defendant may rely upon such information." ROG 1 also sought the subject(s) on which each individual may have information.[4] Defendant's response names only 13 individuals who are personally associated with Plaintiff Ndugga's employment, without providing any of their subject(s) of knowledge. BLP omits persons with knowledge relevant to the class allegations of discrimination.

Defendant repeatedly objected to ROG 1 on the ground that it exceeded Local Civil Rule 33.3(a) and was satisfied by BLP's Rule 26(a) initial disclosures. Plaintiff maintained that ROG 1, consistent with Local Civil Rule 33.3(a) and unlike Rule 26(a), sought names of individuals without any limitations about which party may rely upon their testimony. *See, e.g.*, *Babbitt v. Koeppel Nissan, Inc.*, No. 18 CV 5242 (NGG) (CLP), 2019 WL 3296984, at *6–*7 (E.D.N.Y. July 23, 2019) (directing defendants to respond to an interrogatory seeking the identification of "specific individuals with information or knowledge about each specific defense"); *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 893–94 (S.D.N.Y. 1999) (allowing interrogatories

---

[3] Plaintiff has not yet received the supplemental verified answers that Defendant promised on May 12.

[4] Seeking this information in tandem with potential witness names is a "more practical method" than inapplicable requests for production or time-consuming depositions. *See* Local Civ. R. 33.3(b)(1).

COHENMILSTEIN

Judge Gorenstein
May 20, 2022
Page 4

that sought identification of witnesses with possible knowledge on various topics). Defendant objected that it would have to "speculate" to respond because it had not yet conducted depositions. Plaintiff noted that responses may be supplemented, but that could not excuse withholding answers in the interim. *See, e.g.*, *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 Civ. 9116(PGG), 2009 WL 1422743, at *2 (S.D.N.Y. May 20, 2009) ("Local Civil Rule 33.3(a) . . . requires [defendant] to respond to [an] interrogatory based on the information presently available to it.").

Based on BLP's April 21 letter, Defendant seems to have moved on from its earlier objections and focused on its now global position that it need not respond to discovery requests where it believes the Complaint's allegations are untrue—despite not having made that objection in its signed responses to ROG 1. Still, as discussed above, Plaintiff argues that BLP should at least identify individuals with knowledge to support BLP's defenses, even and especially if that knowledge would disprove Plaintiff's class allegations.

ROG 8: ROG 8 seeks the names of individuals with knowledge or information about mid- and year-end ratings and evaluations for reporters, producers, and editors, as well as the participation and involvement of Team Leaders, Bureau Chiefs, and the EMC in establishing such ratings. Despite the request not focusing narrowly on Plaintiff Ndugga, BLP's answer referenced 19 pages of Plaintiff Ndugga's personal mid- and year-end reviews. To address Defendant's concern that all employees have some awareness of BLP's performance evaluation process, Plaintiff clarified that she was not requesting information about each individual's personal evaluations and experiences but rather the processes as they apply more broadly. Still, Defendant responded only with the three names of Plaintiff Ndugga's managers, who were listed in the already referenced pages. During the May 6 meet and confer, Plaintiff reminded Defendant of Your Honor's April 7 ruling contrary to BLP's position that it could limit its response to the QuickTake Department. BLP then identified by May 12 letter only the three members of the EMC, despite this interrogatory encompassing the roles played by Team Leaders and Bureau Chiefs.

ROG 10: ROG 10 seeks the identification of people with knowledge of Paragraphs 77 or 78 of the Complaint. BLP's only objection with respect to Paragraph 77 was that the allegations were untrue, thus not responding at all. With respect to Paragraph 78, BLP subsequently agreed to search for the names of conference call attendees as part of its ESI review. Plaintiff offered various methods to identify conference call participants, or the universe or possible participants, before an ESI search. Defendant maintains only an ESI search will do.

Even with the anticipated incorporation of the information from its April 29 letter, and ultimately verification of responses, BLP's answers to interrogatories will continue to withhold

COHENMILSTEIN

Judge Gorenstein
May 20, 2022
Page 5

substantial information based upon spurious objections. BLP should be directed to provide complete, verified answers to ROG 1–10.

Respectfully Submitted,

*/s/ Christine E. Webber*
Christine E. Webber
Rebecca A. Ojserkis
Donna H. Clancy

*Counsel for Plaintiff*

A party should not seek Court resolution of a dispute where the other side makes clear that it is reevaluating its position or (as in this instance) intends to replace previously-supplied discovery responses in a matter of days.  Accordingly, this application is denied without prejudice to a new application that fully complies with paragraph 2.A, including a new conference between the parties during which they try in good faith to resolve their differences.  That being said, the Court notes for the parties' benefit that interrogatories should be focused and not tendentious in any way.  If seeking witnesses, they should not incorporate allegations of the complaint by number but should instead specifically state the topic area at issue and ask for witnesses with knowledge of that topic.  Also a single interrogatory should not combine more than one topic.   In the unlikely event that any re-served interrogatory seeks the identification of witnesses to an event or circumstance the defendant denies occurred, the defendant may properly state that there are no witnesses to that event or circumstance, as it has already done.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
May 26, 2022