# COHENMILSTEIN

August 30, 2022

Magistrate Judge Gabriel Gorenstein
Daniel Patrick Moynihan, U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Ndugga v. Bloomberg, L.P.*, No. 20-CV-07464

Dear Judge Gorenstein:

Pursuant to Paragraph 2(A) of Your Honor's Individual Practices, Plaintiff submits this discovery letter to request a conference regarding Defendant Bloomberg, L.P.'s ("BLP" or "Defendant") response to Plaintiff Naula Ndugga's ("Plaintiff") Request for Production of Documents No. 23, on which the parties are at an impasse.

## 1.  Procedural History

On January 13, 2022, Plaintiff served her First Set of Requests for Documents, including RFP 23, which sought HR data, including names and contact information,[1] of putative class members. BLP served its initial responses on February 14 and its supplemental responses on March 9. In response to RFP 23, Defendant produced limited data, consistent with this Court's April 7, 2022 oral ruling, on May 4, 2022.

On May 12, 2022, Plaintiff wrote BLP a letter, outlining various questions about the data produced. Plaintiff reiterated her request for data on names and current or last known contact information (addresses, phone numbers, and email addresses). She noted that BLP's concern (expressed at the April 7 conference) that this information could allow a Plaintiff to search for additional named plaintiffs to "expand the scope of the class," Tr. at 19:24–25, was now unwarranted, since the HR data was limited, per the April 7 ruling, to a narrower group that

---

[1] RFP 23: "Defendant shall produce electronic database information in raw, electronic, machine-readable form, . . . regarding all persons who held positions as reporters, producers, editors, or similar positions regardless of title, at any time from January 2017 through date of trial, and for each such person include their complete history with Bloomberg, without any date limitation, including any data available on the following: a. name, . . . d. current or last known address, e. current or last known telephone number, f. current or last known email address, . . . ."

COHENMILSTEIN

Judge Gorenstein
August 30, 2022
Page 2

Plaintiff Ndugga indisputably represents. Plaintiff also recognized that BLP could include any necessary confidentiality designations pursuant to the protective order.

Although Plaintiff had offered to speak by phone about her questions, Defendant preferred to respond by written letter on June 3, 2022. With respect to RFP 23, BLP stated that it did not intend to provide names and contact information of putative class members because, in BLP's view, "Plaintiff ha[d] not articulated why she requires the names and contact information of putative class members to assist in demonstrating that she can satisfy the Rule 23 criteria."

On June 17, 2022 at 2:30PM, the parties held a phone conference regarding the HR data.[2] Consistent with BLP's request on that call, Plaintiff memorialized her outstanding concerns in a written letter on June 23, 2022. In that letter, Plaintiff expanded upon the explanation that she had provided on the June 3 call about why she required putative class members' names and contact information to demonstrate that she satisfies Rule 23 criteria.

In its July 27, 2022 response letter on data issues, BLP maintained, with respect to RFP 23, that Plaintiff was not entitled to putative class members' names and contact information at this stage "in light of Plaintiff's theory that all members of the putative class were subject to common compensation policies." Otherwise, Defendant relied on the reasoning of its June 3 letter.

The parties continued their discussions and correspondence regarding other data issues, none of which require the Court's assistance at this time. They were unable to resolve the dispute over names and contact information. On an August 30, 2022 12PM meet and confer call on separate topics,[3] Plaintiff informed Defendant that she intended to seek assistance from this Court to resolve the impasse on the RFP No. 23 issue.

**2.    Plaintiff's Position**

BLP has refused to provide the names and contact information of individuals reflected in the data, as Plaintiff requested in RFP No. 23, on the basis that Plaintiff had not yet "articulated why she requires the names and contact information of putative class members to assist in demonstrating that she can satisfy the Rule 23 criteria." As Plaintiff stated to Defendant, putative class members' names and contact information would assist Plaintiff in establishing the commonality, typicality, and predominance prongs of the Rule 23 analysis. *See Khalilpour v.*

---

[2] Attendees included Christine Webber, Donna Clancy, and Rebecca Ojserkis for Plaintiff, and Mark Batten, Elise Bloom, and Pinny Goldberg for Defendant. The call lasted approximately 40 minutes.

[3] Attendees included Christine Webber, Donna Clancy, and Rebecca Ojserkis for Plaintiff, and Mark Batten, Elise Bloom, Pinny Goldberg, and Allison Martin for Defendant. The call lasted approximately 20–25 minutes.

COHENMILSTEIN

Judge Gorenstein
August 30, 2022
Page 3

*CELLCO P'ship*, No. C 09-02712 CW (MEJ), 2010 WL 1267749, at *2 (N.D. Cal. Apr. 1, 2010) ("[T]he Court finds that production of each putative class member's residential telephone number, along with their name and address, is relevant to and reasonably calculated to lead to the discovery of evidence relevant to class certification issues. With the names, addresses and telephone numbers of the putative class members, Plaintiff can contact these individuals to ascertain whether common questions of law exist, and evaluate the typicality of claims between the Plaintiff and other claimants.").

As Plaintiff mentioned on June 17 and June 23, identifying and speaking with putative class members would allow her to make her case under Rule 23 with respect to the following: to determine employees' actual duties; to confirm whether men whom class members believe were paid more than them actually were paid more; to identify potential comparators; to better understand the data; to determine if there exists a common compensation policy; to determine if putative class members report similar experiences with respect to the claims at issue; and generally to assess the merits of the pay discrimination class claim. *See, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 565 (S.D.N.Y. 2013) ("[U]nredacted names are required in order for the plaintiffs to contact potential witnesses and develop anecdotal evidence of the alleged gender discrimination, and are thus relevant to their claims."); *Youngblood v. Family Dollar Stores, Inc.*, Nos. 09 Civ. 3176(RMB)(FM), 10 Civ. 7580(RMB)(FM), 2011 WL 1742109, at *2 (S.D.N.Y. Jan. 5, 2011) ("Plaintiffs clearly will not be able to prove the similarity in class members' 'actual duties' without contacting members of the putative class."). The ability to collect anecdotal evidence is particularly important given that: (1) BLP has not finished producing documents on compensation policy; (2) BLP has produced only 25 job descriptions and has, so far, disclaimed the existence of additional documents that it is willing to produce; and (3) BLP's data production in response to RFP No. 23 is far from self-explanatory, and Plaintiff's follow-up questions have yet to be fully answered.

New York district courts have recognized that "[t]here is no question that the names and addresses of putative class members are relevant to Plaintiff['s] motion for class certification." *Youngblood*, 2011 WL 1742109, at *2; *see, e.g.*, *Thompson v. Global Contact Servs., LLC*, No. 20-CV-651-MKB-SJB, 2021 WL 1103029, at *2 (E.D.N.Y. Feb. 16, 2021) ("To the extent the records [plaintiff] seeks relate to putative class members—among other things, names, contact information, hours and pay information—they all bear on class certification, may[]be sought, and must be produced."); *Burnett v. Wahlburgers Franchising LLC*, No. 16-4602 (WFK) (CLP), 2017 WL 11504788, at *5 (E.D.N.Y. Dec. 6, 2017) (compelling the production of "names, last known addresses, and telephone numbers" where sought for potential collective action and class members); *see also Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784(WHP), 2012 WL 2108220, at *2 (S.D.N.Y. June 11, 2012) ("[C]ourts routinely allow plaintiffs to discover identifying information regarding potential class members[.]" (internal citation omitted)); *Youngblood*, 2011 WL 1742109, at *3 (collecting cases that found "pre-certification disclosure of the names and addresses of putative class members in wage and hour cases is appropriate").

COHENMILSTEIN

Judge Gorenstein
August 30, 2022
Page 4

      Moreover, the analyses of Defendant's cited authority from its June 3 letter are not entirely applicable to this case. BLP has not claimed that producing a few more columns in a database would pose a burden, and BLP conceded on April 7 that Plaintiff Ndugga can plausibly represent a class of individuals for whom data were produced. *Contra, e.g.*, *Beaton v. Verizon N.Y., Inc.*, No. 20-CV-672 (BMC), 2020 WL 6449235, at *2–3 (E.D.N.Y. Nov. 3, 2020). Therefore, BLP's cited cases do not provide a basis to withhold the requested information given Plaintiff's articulation of her reasons for requesting it. *See Gordon v. Kaleida Health*, No. 08-CV-378S(F), 2012 WL 432885, at *2–3 (W.D.N.Y. Feb. 9, 2012) (rejecting defendant's concerns about burden and the plaintiff allegedly seeking information for improper purposes); *cf. Sec'y of Lab. v. CE Sec. LLC*, No. 21-cv-57 (AMD), 2022 WL 1810728, at *1–2 (E.D.N.Y. June 2, 2022) (requiring the production of contact information where the request does not risk concerns about identifying new clients and defendant has not shown that the request is unduly burdensome); *Jenkins v. TJX Cos., Inc.*, No. CV 10-3753(ADS)(WDW), 2011 WL 1563677, at *3 & n.4 (E.D.N.Y. Apr. 25, 2011) (not requiring production of names and contact information in this case on the ground that, unlike *Youngblood*, which only involved Rule 23 claims, Jenkins's opt-in claims meant that providing names and contact information could support an effort to discover new opt-in plaintiffs; such a concern is inapplicable here, as, like *Youngblood*, only Rule 23 claims are at issue). And while BLP has not articulated a privacy objection, we note that names and contact information do not raise the privacy concerns that, say, medical records do.[4] *See, e.g.*, *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148(LBS), 2010 WL 2362981, at *3 (S.D.N.Y. June 14, 2010).

      Plaintiff seeks the Court's assistance in compelling names and contact information as requested in her RFP No. 23 and as limited in scope by the Court's April 7, 2022 ruling.

Dated: August 30, 2022                        Respectfully Submitted,

                                                       /s/ Christine E. Webber
                                                       Christine E. Webber
                                                       Donna H. Clancy
                                                       Rebecca A. Ojserkis

                                                       *Counsel for Plaintiff*

---

    [4] Plaintiff has already indicated that she is no longer pursuing her request for the last four digits of individuals' Social Security Numbers, which could have been used to trace those who have moved to new addresses.