Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

August 31, 2022

**By ECF**

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

The Honorable Gabriel W. Gorenstein
U.S. District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: ***Ndugga v. Bloomberg L.P*.**, **Civil Action No. 20-cv-07464 (GHW)(GWG)**

Dear Judge Gorenstein:

We represent Defendant Bloomberg L.P. ("BLP") and respectfully submit this letter in response to Plaintiff's August 30, 2022 letter requesting that BLP be compelled to produce the names and contact information of employees for whom BLP has produced HR data. (Dkt. 122.) Because Ms. Ndugga has not made a showing as to how the requested information would aid in class certification under Rule 23, and the demand is at best premature, this Court should deny her request.

**1.  The Current Status of Discovery.**

In response to this Court's ruling during the April 7, 2022 teleconference,[1] on May 4, 2022, BLP produced a broad array of HR data concerning various employees who worked as producers, with numerical identifiers. This data included, *inter alia*, detailed information about the history of the employees' compensation, performance ratings, and job classifications, as well as demographic information about their gender and race. BLP has also produced numerous documents reflecting BLP's compensation and performance evaluation policies and practices, and is continuing to produce additional documents on a rolling basis. ESI discovery using TAR is also well under way; BLP has produced over 9,500 pages of documents so far and the review process continues. BLP has noticed Ms. Ndugga's deposition, though she refused to appear; Plaintiff has not yet noticed any depositions.[2]

---

[1] *See* Dkt. 100 at 24:6-7 (ordering production of "HR data for the producers").

[2] BLP has noticed Ms. Ndugga's deposition on multiple occasions and elected to postpone it because of Ms. Ndugga's delays in document production. Most recently, on July 8, 2022, BLP noticed Ms. Ndugga's deposition for August 31 and said it was a firm date. Plaintiff did not respond, but last week refused to appear for deposition until BLP's document production is substantially complete. The parties have met and conferred about Plaintiff's refusal and BLP expects to raise the matter with the Court shortly if the dispute cannot be resolved.

**Proskauer»**

August 31, 2022
Page 2

2. **Plaintiff Has Not Demonstrated Any Need to Contact the Employees Reflected in the HR Data.**

   a. **Courts Require a Showing of Particular Need Before Permitting Disclosure of This Individualized Information.**

Although "contact information of the broader potential class of defendants' employees may be discoverable where it is relevant to demonstrating satisfaction of Rule 23 requirements," courts have "refused to allow discovery of class members' identities at the pre-certification state out of concern that plaintiffs' attorneys may be seeking such information to identify potential new clients, rather than to establish the appropriateness of certification." *Hernandez v. NHR Hum. Res., LLC*, No. 20-CV-3109 (PGG)(DF), 2021 WL 2535534, at *19 (S.D.N.Y. June 18, 2021) (citing *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 492 (S.D.N.Y. 2016)); *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, at *1 (E.D.N.Y. 2006); *see also Beaton v. Verizon New York, Inc.*, No. 20-cv-672 (BMC), 2020 WL 6449235, at *3 (E.D.N.Y. Nov. 3, 2020) (courts in this Circuit are "very cautious about compelling disclosure of the identities and contact information of putative class members at the pre-certification stage") (citing *Charles v. Nationwide Mut. Ins. Co.*, No. 09-cv-94 (ARR), 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010)).

Similarly, courts have also denied pre-certification requests for such information as premature, recognizing that this "individualized information" may turn out to be "cumulative of evidence available from Defendants of an equal or greater probative value to establish such Rule 23 criteria." *Gordon v. Kaleida Health*, 2012 WL 432885, at *4 (W.D.N.Y. 2012); *see also Jenkins v. TJX Cos., Inc.*, No. 10-cv-3753 (ADS)(WDW), 2011 WL 1563677, at *3 (E.D.N.Y. Apr. 25, 2011). Rejecting a request for names and contact information, *Gordon* noted that the plaintiffs there alleged that their compensation claims resulted from "centrally established and administered employment policies and practices," which further suggested that information from individual class members might prove unnecessary.  2012 WL 432885, at *5.  Ms. Ndugga here similarly bases her class theory on the idea that discriminatory compensation policies are implemented top-down by an Editorial Management Committee.  *See* Third Amended Complaint (Dkt. 59) ("TAC") ¶¶ 1, 14, 16, 32, 34, 44, 47, 100.

That reliance on a theory of centralized, uniform compensation policies distinguishes this case from *Youngblood v. Family Dollar Stores, Inc.*, No. 09-cv-3176 (RMB)(FM), 2011 WL 1742109 (S.D.N.Y. Jan. 5, 2011), in which the plaintiffs alleged they were misclassified as exempt from overtime requirements.  The court authorized disclosure of names and contact information because the exemption question "requires 'an individualized and fact-intensive inquiry' into the job duties of each individual plaintiff."  *Id*. at *2 (quoting *Myers v. Hertz Corp*., 624 F.3d 537, 549 (2d Cir. 2010)).  And in *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557 (S.D.N.Y. 2013), the plaintiff did not broadly seek names and contact information for an entire class, as Ms. Ndugga does, but rather merely challenged redaction of employee names that appeared in internal complaints of discrimination.  *Id*. at 564-65.

**Proskauer**

August 31, 2022
Page 3

The remaining cases cited by Plaintiff in which courts in this Circuit have ordered pre-certification disclosure of contact information involved claims under the Fair Labor Standards Act ("FLSA"), which are not at issue here, and are therefore distinguishable. *See Dziennik*, 2006 WL 1455464, at *2 (noting that cases ordering pre-certification discovery in the FLSA context "are easily distinguishable [from the Rule 23 context] because the limitations period continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly").[3] There is no running statute of limitations in this Rule 23 case, and so no particular need for pre-certification disclosure of class member identities.

### b. Ms. Ndugga Offers No Meaningful Justification For Her Intrusive Request.

Plaintiff's purported reasons for why she must identify and speak with putative class members do not satisfy the concerns expressed in the cases. Ms. Ndugga claims that she must contact other employees to "determine employees' actual duties" so that she can "identify potential comparators," but she has failed to explain why she cannot obtain sufficient evidence regarding this subject through other less intrusive and individualized means. For example, both parties have identified in their Initial Disclosures multiple witnesses who would have knowledge relevant to these inquiries, including all of the managers in Ms. Ndugga's supervisory chain. Plaintiff has not yet sought to depose any of those individuals. Ms. Ndugga also identified by name in the Third Amended Complaint multiple other employees whom she alleges performed "similar job duties." (TAC at ¶ 62.) Nothing is preventing Plaintiff from speaking with those alleged comparators.

Plaintiff's claim that she must speak with her alleged peers to confirm whether men "were actually paid more" than the female putative class members also is meritless. BLP has produced detailed compensation data from its business records for each of the producers at issue, including base salary, bonus amounts, and gender, and Plaintiff does not argue (nor can she) that this information is inaccurate in any respect. Again, Ms. Ndugga's theory is that discrimination in compensation is a centralized, uniform practice at BLP, implemented by a single three-person committee, and the reasons she articulates for individual inquiry do not explain why emails and other documents and depositions of decisionmakers and supervisors would not provide much better evidence supporting such a theory than anecdotal conversations with individual employees.

For the same reasons, there is no need for Plaintiff to contact her alleged comparators so that she can "better understand the data" and "determine if there exists a common compensation policy," as she contends. Since company-wide policies are more relevant under Rule 23 than individualized inquiries, scrutinizing individual putative class member records is disfavored as compared to a 30(b)(6) deposition or other discovery devices that lend themselves to discovering the defendant's policies. *See Gordon*, 2012 WL 432885, at *3; *Beaton*, 2020 WL 6449235, at *3 (denying request for pre-certification discovery where the defendant had identified other methods for obtaining

---

[3] The out-of-Circuit case cited by Plaintiff, *Khalilpour v. CELLCO P'ship*, 2010 WL 1267749 (N.D. Cal. Apr. 1, 2010), is not on point, as the defendant there had agreed to provide the names and addresses of the putative class members and the only dispute concerned whether it should also provide telephone numbers. *Id.*, at *2.

**Proskauer»**

information relevant to Rule 23, including a Rule 30(b)(6) deposition). To the extent that Plaintiff has questions about BLP's data and policies, she should direct those questions to BLP representatives and managers familiar with those subjects. She fails to explain why she must speak with her ostensible comparators to learn about BLP's data and policies.

Finally, Plaintiff's claim that she must communicate with other employees to determine if putative class members "report similar experiences with respect to the claims at issue" so that she can generally "assess the merits of the pay discrimination class claim" is entirely unfounded. In the wake of Judge Woods' August 17, 2022 ruling on BLP's motion to dismiss (Dkt. 120), the only class claim remaining in this case is Plaintiff's claim for disparate treatment in compensation under the New York State Human Rights Law (Count Three). The subjective "experiences" of other putative class members have no bearing on the merits of this claim. Rather, the pertinent inquiry is whether the female putative class members were paid less than otherwise similarly situated male comparators. Because BLP has already produced the relevant compensation data and other comparator information, there is no need for Plaintiff to ask other employees what they were paid.

\* \* \*

In sum, the information Ms. Ndugga seeks is at best marginally relevant to the claims in this case and the liability theory that she advances, and she has not yet taken enough discovery by standard devices to conclude that she needs this individualized information to satisfy the requirements of Rule 23. Plaintiff's request for names and contact information of the employees reflected in the HR data produced by BLP should be denied.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc: All Counsel of Record (*via ECF*)