

Proskauer Rose LLP    Eleven Times Square    New York, NY 10036-8299

October 28, 2022

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Gabriel W. Gorenstein
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Syeed et al. v. Bloomberg, L.P.</u>, No. 20 Civ. 7464 (GHW)(GWG)

Dear Judge Gorenstein:

  We represent Defendant Bloomberg L.P. ("BLP") in the above-referenced matter and respectfully submit this reply in further support of BLP's motion for a stay of discovery pending a determination of Plaintiff Naula Ndugga's Motion to Amend. (Dkt. 141.)

  **1. Permitting Discovery to Continue Will Result In Inefficiency, Increased Cost and Time, and Prejudice to BLP.**

  Ndugga's opposition to BLP's motion is premised on the notion that there is no overlap or interaction between the discovery currently under way and the additional discovery that Ndugga inevitably will demand if her latest motion to amend the complaint is granted. The two cannot be so neatly divided.

  First, permitting a Rule 30(b)(6) deposition of BLP now, without any clarity as to the scope of the issues, nearly guarantees multiple such depositions. Ndugga will say only that "[f]ollow up depositions of corporate representative witnesses *may* not be necessary" (Dkt. 145 at 5, emphasis added), but will not commit to any limitation. It makes no sense, and would be prejudicial to BLP, to permit examination of the company now and again if the Third Amended Complaint becomes the Fourth Amended Complaint, with a substantially expanded scope. In this respect, at least, it is inaccurate to say that considerations are the same as they were in December 2021, when BLP last sought a stay. Discovery has progressed, and Ndugga now wants to take at least one deposition that will be substantially different in scope depending on the outcome of the motion to amend.[1] Further, as with any Rule 30(b)(6) deposition, BLP's selection (and education, if necessary) of one or more witnesses is driven by the topics included in the notice, and the risk of multiple 30(b)(6) depositions that Ndugga proposes also would prejudice BLP's ability to select the appropriate witness(es) to respond to her request.

  Second, and similarly, BLP should not be required to take Ndugga's deposition before it has clarity as to the scope of her claims. Questioning of the plaintiff is always driven, of course,

---

[1] Ndugga has not yet noticed or expressed interest in taking other depositions, but she would be free to do so in the absence of a stay, and those depositions similarly may be subject to changes in scope depending on the outcome of the motion to amend.

**Proskauer»**

Page 2

by the claims in the case, and BLP should not be required to examine Ndugga on nationwide class issues that are not currently (and should not be) in the case.

Third, permitting yet another amendment to the Complaint would not merely create new, segregable demands for documents, but rather would require BLP to redo document discovery already completed and under way. Specifically, BLP has already produced, and will continue to produce, numerous documents in which managers discussed performance evaluation and compensation decisions concerning multiple employees. Given the highly sensitive nature of these confidential personnel discussions, BLP has redacted entirely the portions of such documents concerning employees who are not among the 49 specific producers for whom BLP was ordered to produce HR data, and modified the portions concerning producers who are not members of the current putative class (because they are men and/or worked outside of New York) to replace their names with unique anonymous identifiers. Adding these redactions has been a time-consuming process which may have to be redone if the scope of discovery is expanded to include employees whose names are currently redacted. Accordingly, requiring BLP to continue with the review and production of additional ESI documents, while the scope of the claims in this case remains unsettled pending the determination of the motion to amend, would impose a particularly significant burden on BLP.

Finally, absent a stay, Ndugga would be permitted to expand discovery beyond its current scope. She now says that she "does not advocate for an expansion of discovery at this time," but she should be held to that limitation. Her observation that BLP has treated documents concerning operations outside of New York as responsive for purposes of training TAR misses the point that BLP will potentially need to review an untold number of *additional* documents from an untold number of *additional* custodians in the event that the individualized decision-making process relating to a nationwide class becomes relevant.

**2. A Short Stay of Additional Discovery Will Not Prejudice Ndugga.**

Ndugga will not suffer any prejudice if a short stay of discovery is granted pending resolution of her motion to amend. As this Court previously has recognized, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018); *see also Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (Gorenstein, M.J.) (no prejudice demonstrated where motions to dismiss and for summary judgment were already fully briefed and would be decided in the regular course); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (no prejudice demonstrated where briefing on motion to dismiss would be completed within one month and stay would therefore delay discovery "for only a few months").

Her principal concern appears to be the current discovery deadline, which she mentions several times. (Dkt. 145 at at 3, 5, 6.) The Court previously indicated willingness to adjust such deadlines if necessary (*see* Dkt. 100 Tr. at 25:14-22), and BLP will consent to any extensions required to ensure that appropriate discovery can be completed in a thorough and efficient matter once the motion to amend is decided.

**Proskauer»**

Page 3

      Ndugga also speculates that "memories [may] fade during this time period" (Dkt. 145 at 6), but this purported fear does not constitute prejudice for purposes of this motion. *See, e.g., In re Term Commodities Cotton Futures Litig.*, No. 12-cv-5126 (ALC) (KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (granting stay of discovery and rejecting "plaintiffs' assertions that…witnesses' memories fade with the passage of time" because this is a "usual litigation risk[] that affect[s] all the parties equally, regardless of the amount of time permitted for discovery"); *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-cv-6362 (SJF) (WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) (rejecting plaintiff's claim that a stay would be prejudicial because plaintiff "has not provided any specific examples of evidence that may become stale or witnesses whose memories may fade during the stay").

      Finally, Ndugga's suggestion that BLP made a "*sua sponte* decision to largely stay discovery even prior to any ruling" on this motion mischaracterizes BLP's continuing diligent efforts to comply with its discovery obligations.  Shortly *after* BLP informed Ndugga that it would seek to move for a stay of discovery, it produced approximately 1,500 pages of documents and served written discovery responses to supplemental document requests recently served by Plaintiff.

*   *   *

      In sum, Ndugga has not offered any legitimate reason to deny a short stay of discovery until the scope of the allegations and claims in this case are settled once and for all.  BLP's motion should be granted.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:    All Counsel of Record (*via ECF*)