UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

NAULA NDUGGA, *et al*,

Plaintiffs,

v. 20 Civ. 7464 (GHW)

BLOOMBERG, L.P., *et al*,

Defendants.

------------------------------x

Telephone Conference

New York, N.Y.
January 6, 2023
2:00 p.m.

Before:

HON. GREGORY H. WOODS,

District Judge

APPEARANCES

COHEN MILSTEIN SELLERS & TOLL, PLLC
Attorneys for Plaintiffs
BY: CHRISTINE WEBBER
REBECCA OJSERKIS
DONNA H. CLANCY

PROSKAUER ROSE, LLP
Attorneys for Defendants
BY: ELISE M. BLOOM
MARK BATTEN
ALLISON L. MARTIN
PINNY GOLDBERG

THE COURT: I'm going to ask the principal spokesperson for each side to identify herself and the members of her team rather than having each lawyer introduce themselves individually. Let me begin with counsel for plaintiff.

MS. WEBBER: Good afternoon, your honor.

This is Christine Webber on behalf of plaintiff, and on the line with me are Rebecca Ojserkis and Donna Clancy.

THE COURT: Thank you. Who's on the line on behalf of defendant.

MS. BLOOM: Good afternoon, your Honor.

This is Elise Bloom from Proskauer Rose, and I am joined by my colleagues Mark Batten, Allison Martin and Pinny Goldberg.

THE COURT: Very good. Thank you very much.

Just a few brief instructions about the rules that I'd like the parties to follow during this conference before we begin.

First, please remember that this is a public proceeding, so any member of the public or press is welcomed to dial in. I'm not presently monitoring whether third-parties are auditing the conference. I ask you to keep that possibility in mind.

Second, please state your name each time that you speak regardless of whether or not you've spoken previously. Third, please keep your lines on mute at all times, except when

you're speaking to me or to the representative of a party. Fourth, I'm inviting our court reporter to let us know if she has any difficulty hearing or understanding anything that we have to say. If she asks you to do something that will make it easier for her to do her job, please do it to the extent that you can. And finally, I'm ordering that there be no recording or rebroadcast of all or any portion of today's conference.

Counsel, with all of that out of the way, let's turn to the substance of today's conference. I scheduled this as an opportunity to hear from the parties about defendant's proposed motion to dismiss the amended complaint. I've read the parties' letters on this topic. This is not oral argument on the motion itself. Still, it can be helpful for me to hear from the parties about the grounds for the potential motion and any anticipated defenses. And that can be helpful as we schedule set a schedule for briefing the motion. So with all of that said, I'm going to turn first to counsel for defendant. Counsel, what would you like to tell me for the basis for the proposed motion.

MS. BLOOM: This is Elise Bloom, counsel for defendant. Thank you very much, your Honor.

Our anticipated motion would be directed to three specific counts of the complaint. It's Count One for alleged disparate pay on the basis of sex under Title 7.

Count Two for alleged disparate impact discrimination

or class discrimination under Title 7, and Count Four which are the allegations for disparate impact discrimination under the New York State Human Rights Law.

And if it's okay with the Court, I'd like to work my way backward and just start with a few comments about the disparate impact under the New York State Human Rights Law claim. In terms of any motion that would be focused on that claim, we agree with plaintiff's counsel that to a certain extent our direction would come from the Court on the pending motion for reconsideration. And so obviously if the Court denies the motion for reconsideration, I think everybody agrees that the claim has been dismissed and there would be no need for briefing.

If the Court were to grant the motion, then obviously that would present a different scenario, so that's where we stand on the disparate impact discrimination under New York State Human Rights Law.

The rest of our motion is focused on the Title 7 claims, and these are the Title 7 claims that grow out of the most recent EEOC charge. And again, where the parties seem to agree is that the Title 7 claim would be premised on things that occurred after February 2021.

With regard to our anticipated motion and focusing first just on the potential class claim. In reviewing the amended complaint and focusing specifically on the time period

of February of 2021 going forward, there do not appear to be any real class claims that are alleged in the amended complaint. And with regard to the class claims, I probably should have started by saying, the claims that the plaintiff is advancing are claims for pay discrimination based on sex.

So in looking at any potential pay discrimination claims on the basis of sex, there really appears to be only one paragraph, that's paragraph 115, that has a general allegation about black and other female Bloomberg employees being subjected to discrimination. But there are no other specifics about anything that has occurred since February of 2021, as to a class.

And we recognize that the Court can consider and can look at background facts that would potentially give some context, but in order for those background facts to bring to life a claim based on timely allegations, there has to be some relation. And we submit to the Court that there really is an insufficient basis pled in the amended complaint for any kind of a nationwide Title 7 class for pay discrimination with regard to black female employees at Bloomberg.

The last claim that I wanted to just very, very briefly address is the disparate pay claim, the individual claim based on sex, again which arises as a result of the last Title 7 claim; and again starts based on things that occurred from February of 2021 forward -- and it would really be

February of 2021 and February of 2022. And we believe that taking all the allegations as pled as true, that the claim is deficient in at least two respects:

The first is that there's really no identification of male counterparts in that time period, who could form the basis for a discrimination claim. I recognize that there are allegations to males who the plaintiff claims she was differently than, in particular at the time of her hire, but that would be back in 2018. And other than some vague references, there's no specifics, and certainly not sufficient specifics provided as to male counterparts.

And along the same lines, there's nothing alleged that would allow the Court, based on the amended complaint, to know anything about the job duties or the responsibilities to support that there were male employees who were similarly situated to the plaintiff from February 2021 forward that would form the basis for a pay claim. I mean, her pay claim is really contained in paragraph 85, 111, and 112. It really focuses on this allegation about her five percent raise.

And again, there's insufficient specifics from which the Court could determine that there was similarly situated male employees against whom to evaluate a discrimination claim. And so those are the bases for our anticipated motion.

THE COURT: Thank you. That's helpful.

Let me turn to counsel for plaintiff. Again, this is

not oral argument with respect to the motion, but I welcome any comments that you'd like to share about your anticipated responses to the arguments presented.

MS. WEBBER: Thank you, your Honor. Christine Webber for the plaintiff.

Let me start where counsel for defendant ended with Ms. Ndugga's individual pay allegations. She absolutely has made allegations that are post-February 2021, that satisfy the standards. The allegations in paragraph 85 that even after a five percent raise in February of 2021, she was still paid less than the starting pay of her peers, and clearly refers back to the peers identified in earlier paragraphs in the complaint, at paragraphs 61 to 64, and paragraph 70.

And the complaint has to be read as a whole, not taking paragraph 85 in isolation and not in relationship to the earlier paragraph. And indeed her identification of peers or comparators who were paid more than her in the earlier time period has satisfied the New York State Human Rights Law standards in Syeed-1 in the Court's ruling on the first motion to dismiss. This in the earlier time period when the New York State Human Rights Law followed the same standards as Title 7, so that identification of comparators satisfied before and satisfies now. She is identifying the same comparators and saying that even in 2021, her pay was still less than those comparators, and indeed less than those comparators were paid

even at the time that they were hired.

Similarly with respect to the class allegations. The complaint needs to be read as a whole, and not only about the allegations that counsel for Bloomberg acknowledged alleged that there's ongoing pay disparities in 2021-2022. The policies that plaintiff identified earlier in the complaint are policies that we never alleged ended at any point in time. The process through which the editorial management committee makes its decisions was one that we described as an ongoing policy, and one that had an ongoing adverse impact on women's pay.

And while for Title 7 purposes only the adverse impact that occurred after February 2, 2021, is relevant. The description of the policy contained in earlier paragraphs of the complaint in the description of the adverse impact it had is still part of evaluating the sufficiency of the allegations. And we believe that they are -- any allegation that was sufficient to say the class claim for the earlier time period is sufficient to state a class claim for the later time period given that we allege those same policies and practices were continuing.

And with respect to disparate impact claims. I'm glad to hear that we're now in agreement that the pending motion for reconsideration will really determine if those claims are part of the case or not. It did sound as if counsel believed that if the motion for reconsideration was granted, that there could

still be further briefing on the motion to dismiss. And I'm not sure that that's the case. It depends of course on exactly what is granted, but that would be a reconsideration on the prior ruling on the motion to dismiss. So if it's a claim that has survived one motion to dismiss, I don't think it would be appropriate to give defendants another bite at the apple on that. But as I said, it all turns on exactly what the Court rules with respect to that motion for reconsideration.

THE COURT: Thank you very much. I don't think I have any questions about this. I appreciate the comments.

Let me hear from you counsel for defendant about the timeline for the proposed filing of the motion. I'd like to be in a position to give you guidance about when I'll be able to resolve the motion for reconsideration which is a threshold question here, but I can't. So let's take that off the table for purposes of scheduling.

Counsel for defendant, what's your proposal?

MS. BLOOM: This is Elise Bloom, counsel for defendant. Thank you, your Honor.

Our proposal would be that we would submit our moving brief on January the 27th, and I would defer to counsel for plaintiff in terms of what they would like to suggest in terms of opposition, and we would request two weeks on a reply.

THE COURT: Good. Thank you. Counsel for plaintiff.

MS. WEBBER: Christine Webber on behalf of plaintiff.

If the defendant files on the 27th, if we could have until February 17th to respond.

THE COURT: Thank you. That's fine. Good.

So the briefing schedule will be as follows: The motion itself will be due no later than January 27, 2023. Any opposition will be due by the date just specified by counsel. Any reply will be due no later than two weeks following the date of service of the opposition. I think that's it.

Anything else that we should take up before we adjourn? First counsel for plaintiff.

MS. WEBBER: Nothing from plaintiffs, your Honor.

THE COURT: Good. Thank you.

Counsel for defendant?

MS. BLOOM: Elise bloom for defendant. Nothing from defendant, your Honor.

THE COURT: Very good. Thank you all. This proceeding is adjourned.

(Adjourned)