

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

February 2, 2024

**By ECF**

The Honorable Gabriel W. Gorenstein
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

Re: *Naula Ndugga et al. v. Bloomberg, L.P.*, No. 20 Civ. 7464 (GHW)(GWG)

Dear Judge Gorenstein:

We represent Defendant Bloomberg L.P. ("BLP") in the above-referenced matter. Pursuant to Section 2(A) of Your Honor's Individual Practices, we respectfully submit this letter to request a pre-motion conference regarding BLP's anticipated motion pursuant to Fed. R. Civ. P. ("Rule") 26(c) for a stay of discovery pending a determination on its proposed motion to deny class certification pursuant to Rule 23(c)(1)(A) and to dismiss certain claims pursuant to Rule 12(b)(1) (the "Motion"; Dkt. 247).

As discussed in more detail below, BLP already has conducted extensive, burdensome discovery, including producing thousands of responsive documents containing, among other things, information Plaintiff Naula Ndugga has claimed she needs for class certification and concerning the allegations of pay discrimination in the Fourth Amended Complaint ("FAC"). Ndugga's deposition testimony, however, confirmed that the pay claims are asserted on behalf of a putative class of which Ndugga is not a member, because they are largely based on employment practices that Ndugga never personally experienced. Ndugga should not be permitted to subject BLP to even more burdensome discovery, which likely will include numerous depositions of senior executives on a multitude of topics irrelevant to her individual allegations, until the Court decides whether her individual and class claims can proceed. To prevent the further waste of resources, we respectfully request that the Court stay further discovery pending a determination on BLP's Motion.[1]

## I.      Relevant Background

### A.   Ndugga Already Has Been Given Multiple Opportunities To Plead Her Claims.

After Ndugga joined this case in November 2020, BLP moved to dismiss the then-operative Second Amended Complaint under Rule 12(b)(6). (Dkts. 42-44.) On October 25, 2021, Judge Woods partially granted this motion and dismissed several of Ndugga's claims without prejudice, including her Title VII claims. (Dkt. 50.)

---

[1] Counsel for the parties conferred telephonically regarding BLP's request for a stay of discovery and Plaintiff's request for an extension of the discovery schedule on February 2, 2024 at 3pm for approximately 10 minutes. Christine Webber, Donna Clancy, Rebecca Ojserkis and Dana Busgang participated on behalf of Ndugga; Elise Bloom, Mark Batten, Pinny Goldberg and Allison Martin participated on behalf of BLP. Ndugga's counsel stated that they would not agree to consent to a stay of discovery because Ndugga seeks to proceed with depositions and that she would be seeking an extension of the current discovery schedule. Counsel for BLP subsequently stated that they believed the parties were at an impasse with respect to the stay request and that BLP would request a conference with the Court. With respect to Ndugga's anticipated request for an extension, counsel for BLP explained that BLP was not opposed to an extension of discovery, but that it believed any discussion about specific deadlines should occur after the Motion is decided.

**Proskauer»**

Page 2

Ndugga filed a Third Amended Complaint ("TAC") in December 2021. (Dkt. 59.) The parties commenced discovery, subject to a New York geographical limitation, pending resolution of BLP's partial motion to dismiss the TAC. (Dkts. 61, 80-82.) On August 17, 2022, Judge Woods issued a Memorandum Opinion and Order, which, *inter alia*, dismissed again Ndugga's Title VII claims. (Dkt. 120 at 19-22.)

Ndugga sought to amend her complaint again. (Dkt. 138.) On November 3, 2022, this Court ruled that depositions should be stayed pending resolution of her motion to amend (Dkt. 153 at 8:14-22, 32:13-19, 34:20-24, 43:4-23), and the parties agreed to proceed with document discovery. After Judge Woods permitted Ndugga to amend, she filed the FAC on December 8, 2022. (Dkts. 163 & 170.) The FAC asserts claims of pay discrimination based on sex under Title VII on behalf of a nationwide putative class of female producers, reporters and editors, as well as under the New York Human Rights Law on behalf of female producers, reporters and editors who worked for BLP in New York. (Dkt. 170.)

The parties jointly requested to adjourn the discovery deadlines *sine die* (while continuing with document productions) pending a decision on BLP's partial motion to dismiss the FAC because "the scope of needed discovery in this case will not be clear until the claims in this case are settled after the motion is decided." (Dkt. 168.) This Court granted the parties' request. (Dkt. 169.) On July 25, 2023, Judge Woods denied BLP's motion to dismiss. (Dkt. 210.)

On August 4, 2023, the Court entered an Amended Scheduling Order with a fact discovery deadline of February 29, 2024. (Dkt. 212.) BLP conducted Ndugga's deposition in mid-November 2023. On January 26, 2024, BLP filed a letter requesting a pre-motion conference on the Motion. (Dkt. 247.)[2]

### B.  **BLP Has Provided Extensive and Voluminous Discovery Relevant To the Rule 23 Requirements, Yet Ndugga Continues To Seek Even More.**

BLP already has conducted extensive review and production of documents relevant to Ndugga's claims and her Rule 23 showing. Beginning in March 2022, BLP produced over 3,000 pages of responsive non-custodial documents. BLP also reviewed nearly 600,000 ESI documents using TAR and produced over 10,000 pages of responsive ESI from 10 agreed-upon custodians[3] across the time period of January 1, 2017 to February 14, 2022. BLP's productions made to date include (but are not limited to): (i) documents concerning Ndugga's employment and her allegations; (ii) documents showing the role played by the EMC with respect to the compensation and evaluation decision-making processes; (iii) written employment policies; (iv) the compensation algorithm rules for News; (v) documents concerning compensation and evaluation policies and practices applicable to reporters, producers and/or editors; (vi) documents concerning the processes for compensation and evaluation decisions; and (vii) HR data for 1,337 employees.

In September 2023, Ndugga demanded the addition of 12 new ESI custodians and filed a motion seeking to compel BLP to add new custodians. After the Court encouraged the parties to try to resolve the dispute, BLP compromised significantly to avoid further judicial intervention and

---

[2] BLP had hoped to be able to file this letter shortly after its January 26, 2024 letter regarding the Motion, but, on January 26, Ndugga's counsel represented that they were not available to confer until February 2.

[3] The 10 original ESI custodians included the three Editorial Management Committee ("EMC") members specifically named in the FAC (John Micklethwait, Reto Gregori, and Marty Schenker); Ndugga; several of Ndugga's managers; and Human Resources representatives.

**Proskauer»**

Page 3

agreed to conduct ESI searches for five additional custodians (including two more EMC members, the Global Head of HR for Editorial and Research, and Mr. Gregori's Chief-of-Staff, all of whom Ndugga sought to add to obtain more information pertinent to her class claims). In total, BLP agreed to review more than 10,000 additional documents from the five new custodians, as well as thousands of spreadsheets from the 10 original custodians (collectively, the "Additional ESI"). BLP is presently reviewing the Additional ESI and anticipates making rolling productions of responsive documents this month, with these productions to be completed in the last week in February.[4]

Despite the extensive discovery conducted thus far that provides Ndugga with ample information for a Rule 23 motion, Ndugga is seeking even more discovery, much of which is primarily relevant to the merits of her class claims and does not bear on the points to be asserted in BLP's Motion. In particular:

- Ndugga has served a Rule 30(b)(6) deposition notice purporting to seek the testimony of a BLP corporate representative (or representatives) regarding eight sweeping areas of inquiry. The topics set forth in the notice go well beyond Ndugga's individual claims and include, *inter alia*, the "organizational structure of Bloomberg [L.P.]" as a whole, "Bloomberg's policies, practices, and criteria regarding classification of employees," and "policies, practices, guidelines, criteria and training" about evaluations and compensation.[5]

- BLP expects Ndugga will seek to conduct at least 10 depositions of fact witnesses. While she has yet to notice any depositions other than under Rule 30(b)(6), she likely will seek to depose multiple EMC members, who are the most senior executives in the News organization. She also has indicated that she intends to depose "HR representatives, Plaintiff's direct supervisors, and male and female comparators." (Dkt. 54 at 5.)

- In mid-December, Ndugga demanded production of voluminous additional data from Bloomberg's Online Compensation System ("BOCS"), including BOCS data and narrative comments for all producers, reporters, and editors since January 1, 2017, as well as BOCS audit files. She also served a new Request for Production of date of birth information for over 1,300 employees in mid-January.

## II.   Discovery Should Be Stayed Pending Resolution Of BLP's Motion.

A district court has considerable discretion to stay discovery under Rule 26 for worthy cause. *See, e.g., O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018) (Gorenstein, J.); *see also Grant v. New York Times Co.*, No. 16-cv-3175, Dkt. 98 (S.D.N.Y. July 3, 2018) (staying discovery pending a ruling on whether the proposed class could be certified). Rule 26 "is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *Gillard v. Rovelli*, 2013 WL 5503317, at *15 (N.D.N.Y. Sept. 30, 2013). In determining whether to stay discovery, courts generally consider the following factors: (1) the strength of the motion; (2) the breadth and

---

[4] For the avoidance of doubt, BLP is <u>not</u> seeking a stay as to its review or production of the Additional ESI.

[5] Even though BLP served its Objections and Responses to the Rule 30(b)(6) notice in September 2023 (before Ndugga's deposition) and offered to confer about several topics, Ndugga made no effort to follow up on this until mid-December 2023, at which time she proposed that the parties meet and confer on January 8 or 9, 2024.

# Proskauer»

Page 4

burden of discovery; and (3) any prejudice that would result from a stay. *O'Sullivan*, 2018 WL 1989585, at *3-4. All three factors militate in favor of a stay of discovery here.

1. **Ndugga Cannot Proceed On Individual or Class Claims Challenging Employment Practices That Never Applied To Her.**

As to the first factor, a stay of discovery is warranted because BLP's Motion presents "substantial arguments" for the dismissal of certain claims for lack of standing and for denial of class certification. *Id.* at *4. As will be explained in more detail when BLP files its Motion, Ndugga cannot proceed individually or on behalf of a class with claims based on employment practices that never applied to her. This includes her class claims of disparate pay that are premised on BLP's purported use of "prior pay" from prior jobs (or pay during an internship with BLP) in setting starting salaries; an alleged ban on discussing salaries; and the EMC's alleged discretion to reduce individual performance ratings. Since Ndugga cannot establish she was personally harmed by these alleged practices, she is not a member of the proposed class and cannot proceed with her individual or class claims challenging them. *See, e.g., E. Texas Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977).

As to the one alleged employment practice that she contends actually applied to her—that the EMC allegedly exerts discretionary control over compensation and evaluation decisions so as to discriminate in pay—Ndugga cannot establish commonality under *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) because discovery has shown that the decisions at issue largely were made by hundreds of different managers, not the EMC. *See also, e.g., Kassman v. KPMG LLP*, 416 F. Supp. 3d 252, 280 (S.D.N.Y. 2018). Ndugga also is not a proper representative of a class of female producers, reporters, and editors because her claims of intersectional (sex and race) discrimination are not applicable to most of the putative class she seeks to represent.

2. **The Scope Of Additional Discovery On the Class Claims Would Be Significantly Broader Than Ndugga's Individual Allegations and Would Burden BLP.**

The second factor also weighs in favor of a stay. The remaining discovery in this case—which includes numerous depositions—will unquestionably be significantly broader and more burdensome if it pertains to the alleged employment practices at issue in the Motion, and/or all female producers, reporters, and editors nationwide, than if it is limited to Ndugga's individual claims based on her personal experiences.

As this Court and Ndugga have recognized previously, it is "wasteful" and inefficient to proceed with depositions until there is certainty as to the claims that will move forward in the case and the scope of needed discovery is clear. (Dkt. 153 at 8:14-22 ("no one should be brought back twice for a deposition."); *see also id.* at 32:17-19 ("it's a burden on people individually to be brought back twice for depositions. That just seems pointless to me."); Dkt. 168.) The disposition of the Motion will dictate, among other things, whether Ndugga has standing to proceed with certain claims and/or whether she is a proper representative of a nationwide class challenging employment practices that never applied to her and are based on different theories of discrimination than she alleges she experienced. Ndugga is likely to seek to conduct numerous depositions of high-ranking executives, including of multiple EMC members. Given that these senior executives had little to no personal interaction with Ndugga (as she admitted during her deposition), the primary objective of these depositions undoubtedly will be to gather information about the employment practices that allegedly harmed putative class members (but not Ndugga) and are at issue in the Motion.

**Proskauer»**

Page 5

Ndugga should not be permitted to waste the time of BLP's senior executives fishing for information on a multitude of topics that have nothing to do with her individual experiences and would be irrelevant if the Motion is granted.

For the same reasons, it would be inefficient to require BLP to produce corporate representatives to testify in response to Ndugga's sweeping Rule 30(b)(6) deposition notice while the scope of this case is still unsettled. By way of one example, Ndugga's Rule 30(b)(6) notice seeks testimony about "Bloomberg's policies, practices, guidelines, criteria, and training regarding evaluating employee performance and assigning any ratings," but this topic is only pertinent to the alleged employment practices Ndugga never experienced that are subject to the Motion. Many other broad topics in the Rule 30(b)(6) notice, including those about job classifications and organizational structure, also could be mooted or substantially narrowed if the Motion is granted.

Ndugga's disproportionate demands for the collection and production of BOCS data, comments, and audit logs also should be held in abeyance pending resolution of the Motion. BLP has already undertaken extremely burdensome discovery efforts in collecting data for over 1,000 employees and should not be forced to continue with additional data collection and production that will be predominantly relevant to the merits of the class claims before the Court determines whether Ndugga is a proper representative to assert such claims.

A stay of discovery therefore will avoid further onerous and burdensome discovery, including many depositions, on subjects that would be largely irrelevant and unnecessary if Ndugga is not entitled to proceed on her class claims. *See, e.g., Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015); *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) (staying discovery and noting that "[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated").

### 3. <u>There Is No Risk Of Unfair Prejudice To Ndugga.</u>

As to the third factor, a limited stay of discovery pending a determination on the Motion will not prejudice Ndugga. *See O'Sullivan*, 2018 WL 1989585, at *9 (explaining that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."). This is particularly true here where BLP has already produced to Ndugga over 5,500 documents that she can use in response to BLP's Motion, and will be producing even more documents this month.

Ndugga will likely argue that the length of time that has passed since she joined the lawsuit renders a stay prejudicial, but, significantly, she has made no effort to notice—much less conduct—*any* fact witness depositions to date, even though productions of responsive documents from many of the anticipated deponents have been largely complete for more than a year. Ndugga cannot credibly claim that she will be prejudiced if depositions do not move forward when she has intentionally and strategically opted to wait to conduct any fact witness depositions.

\*   \*   \*

We thank the Court for its attention to this matter.

**Proskauer»**

Page 6

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:     All Counsel of Record (*via ECF*)