

**Proskauer >**   Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

May 2, 2024

<u>**By ECF**</u>

<div style="float:right">

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

</div>

The Honorable Gabriel W. Gorenstein
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     ***Ndugga v. Bloomberg L.P.*, Civil Action No. 20-cv-07464 (GHW) (GWG)**

Dear Judge Gorenstein:

We represent Bloomberg L.P. ("BLP") in the above-referenced matter.  Pursuant to Section 2(A) of Your Honor's Individual Practices, we respectfully request a pre-motion conference regarding BLP's anticipated motion, pursuant to Fed. R. Civ. P. 37 and 45, to enforce the Subpoena to Testify at a Deposition in a Civil Action to non-party witness ██████████ (the "Provider") and to compel the Provider to appear for her deposition.

In this putative class action lawsuit alleging claims for employment discrimination, retaliation and hostile work environment, Plaintiff has placed her emotional conditions at issue by seeking compensatory damages from BLP for alleged significant emotional distress. (*See* Dkt. 170 ("FAC") ¶¶ 93, 94, 117, 159, 164, 170, 177.)  Plaintiff received treatment for the conditions at issue in this lawsuit from the Provider (who is a therapist) ███████████████████████.  Because the Provider has information that is highly relevant to Plaintiff's emotional distress claims and BLP's defenses, BLP served a subpoena on the Provider for her deposition testimony.  The Provider, however, has refused to appear for her deposition.  The Court should enforce the subpoena and order the Provider to promptly appear for her deposition on a date that is convenient for BLP, as well as order her to pay BLP's costs incurred in making this application.

## I.     Relevant Procedural Background

On February 22, 2024, counsel for BLP issued and served a Subpoena to Testify at a Deposition in a Civil Action to the Provider, which commanded the Provider's deposition testimony on April 18, 2024 at the New York office of Proskauer Rose LLP.[1]  (*See* Ex. A.)  On March 11, 2024, the Provider acknowledged receipt of this subpoena in an email to counsel for BLP and Plaintiff.

Between March 11, 2024 and April 18, 2024, BLP's counsel and the Provider exchanged multiple written communications about the subpoena.  During this time period, BLP voluntarily agreed to several of the Provider's requests related to the deposition, including:

---

[1] The Provider also was provided a check for $75 for the statutory witness fee, as well as mileage allowed by law, at the time of service in accordance with Fed. R. Civ. P. 45(b)(1).

**Proskauer**»

Page 2

- consenting to conduct the deposition virtually via Zoom after the Provider expressed that traveling from her home in Long Island to Manhattan for an in-person deposition would cause her to incur travel time and expenses;
- offering to move the deposition to a date when the Provider did not have patients scheduled and agreeing to the date the Provider requested (which was April 26, 2024, instead of April 18, 2024); and
- agreeing to compensate the Provider for her time testifying in response to the subpoena in the amount that ███[2] had represented the Provider was requesting, even though such compensation is not required under any applicable rules.  Specifically, ███ stated that the Provider was requesting to be paid between $120 and $150 total (in addition to the witness fee check she received at the time of service) for the working time she would miss due to the deposition.  BLP subsequently agreed to provide the Provider with compensation of $150 in an effort to avoid a dispute over her appearance at the deposition.

On or about April 10, 2024, counsel for BLP issued an updated Subpoena to Testify at a Deposition in a Civil Action to the Provider (the "Subpoena"), which reflected the amended deposition date of April 26, 2024 that the Provider had requested and stated that the deposition would be conducted virtually.  (Ex. B.)  BLP served the Subpoena on the Provider via overnight mail (*see* Ex. C), and also emailed her a courtesy copy.

Despite BLP's agreements to many of her requests, the Provider made the following additional demands:

- First, the Provider indicated that her appearance at a deposition would be limited to the time period of 11:00 am to 1:00 pm.  BLP's counsel explained that, while it did not expect the deposition to go more than three hours, it could not agree to a two-hour limitation, especially since the deposition was going to be conducted virtually (which often times can cause some delay if the witness or counsel have technical issues or difficulty accessing the exhibit sharing platform).
- Second, the Provider stated that the $150 compensation she had previously requested was no longer sufficient.  She did not specify how much additional compensation she was seeking.

On April 18, 2024, the Provider informed BLP and Plaintiff's counsel by email that she would not comply with the Subpoena and did not intend to appear for her deposition on April 26, 2024.  On the same day, counsel for BLP asked the Provider to confer about her refusal to comply with the Subpoena, proposing a telephone call on April 19, 2024.  BLP's counsel also stated that, if the dispute could not be resolved, BLP intended to ask the Court for an order directing her to comply with the Subpoena and for recovery of its expenses.  Plaintiff's counsel subsequently

---

[2] It is BLP's understanding that the Provider worked (and currently works) with ███ as an independent contractor in connection with the treatment she rendered to Plaintiff.



Page 3

emailed the Provider again on April 24, 2024 regarding scheduling a telephonic meet and confer about the Subpoena.  To date, the Provider has not responded to either party's request to confer.[3]

## II.    Standard for Enforcement of a Subpoena

Federal Rule of Civil Procedure 45(a)(3) provides that an attorney may issue and sign a subpoena to obtain discovery from a non-party.  *See also, e.g., S.E.C. v. Sassano*, 274 F.R.D. 495, 497 (S.D.N.Y. 2011) (Gorenstein, M.J.).  Subpoenas that are validly issued and served under Rule 45(a)(3) "operate as enforceable mandates of the court on whose behalf they are served."  *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.*, 2023 WL 1967575, at *4 (E.D.N.Y. Feb. 10, 2023).

Rules 45 and 37 permit the serving party to move for an order compelling the discovery sought in the subpoena.  Fed. R. Civ. P. 45(d)(2)(B)(i); Fed. R. Civ. P. 37(a)(1).  "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)."  *Sassano*, 274 F.R.D. at 497 (Gorenstein, M.J.).  "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings."  *Gov't Emps. Ins. Co.,* 2023 WL 1967575, at *4 (citation omitted).  If the information sought is relevant, then "the party opposing the subpoena must come forth and demonstrate that the subpoena is over-broad, duplicative, or unduly burdensome."  *Id.* (internal quotations and citation omitted).

If a motion to compel under Rule 37 is granted, "the court **must**, after giving an opportunity to be heard, require the . . . deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (quoting Fed. R. Civ. P. 37(a)(5)) (emphasis added); *see also Anderson v. City of New York*, 2009 WL 3731973, at *1 (E.D.N.Y. Nov. 6, 2009).

## III.    The Court Should Enforce the Subpoena and Compel the Provider to Appear for Her Deposition.

The Court should issue an order compelling the Provider to comply with the validly-issued Subpoena because her testimony is highly relevant to the claims and defenses in this lawsuit, and the Subpoena is not overly broad, duplicative or unduly burdensome.

The law is clear that "where a plaintiff seeks emotional distress damages, she has put her mental state at issue," and information regarding her mental health treatment is relevant and discoverable.  *Richmond v. Montefiore Med. Ctr.*, 2023 WL 6211978, at *4 (S.D.N.Y. Sept. 25, 2023).  In the Fourth Amended Complaint, Plaintiff alleges that she suffered severe emotional

---

[3] In accordance with Your Honor's Individual Practices 2(A), BLP therefore submits that it has made a good-faith effort to confer telephonically with the Provider to resolve this discovery dispute prior to requesting a pre-motion conference.

BLP also notes that it has been having difficulty securing confirmation that another one of Plaintiff's treating medical providers (Dr. McDaniel) will appear for her deposition pursuant to a subpoena. BLP is still working to try to resolve any disputes regarding Dr. McDaniel's deposition without judicial intervention, but if this is not possible, will promptly seek to compel Dr. McDaniel's deposition as well.



Page 4

distress as a result of her experiences during her employment at BLP and seeks compensatory damages for her claimed distress from BLP.  Plaintiff therefore has put her mental state at issue and information related to her alleged emotional distress, and treatment thereof, is an appropriate subject of discovery.

The Provider began providing mental health treatment to Plaintiff ████████████████████
█████████████████████████████████████████████████████  The Provider, as Plaintiff's treating therapist, has information about Plaintiff's conditions, treatment and alternate sources of emotional stress that is "extremely relevant" to the parties' claims and defenses, as the Court has previously recognized.  (*See* Dkt. 233 at 24:1-15) (addressing discoverability of Plaintiff's medical and psychotherapy records).  The Provider's testimony on these subjects also is unquestionably relevant and material.  *See, e.g., Hodge v. City of Long Beach*, 2006 WL 1211725, at *3-5 (E.D.N.Y. May 4, 2006) (holding that non-party psychiatrist who treated a plaintiff alleging emotional distress must provide deposition testimony).

The Subpoena also is not unduly burdensome.  BLP has already agreed to multiple compromises in an effort to minimize any inconvenience to the Provider, including to conduct the deposition virtually and to proceed on a date of her choosing.  Especially in light of the remote deposition agreement, the Provider will "suffer no more inconvenience than many other citizens called forward to be deposed or testify as a trial witness."  *See Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 140 (W.D.N.Y. 1996).

The Provider's demands to limit the duration of the deposition and for additional compensation also present no legitimate basis for her refusal to comply with the Subpoena.  With respect to the former, Rule 30's default rule that depositions shall be no longer than 7 hours applies to non-parties.  *See* Fed. R. Civ. P. 30(d)(1); *City of Almaty, Kazakhstan v. Sater*, 2020 WL 2765084, at *4 (S.D.N.Y. May 28, 2020).  Although BLP does not expect the deposition to go a full seven hours (and, in fact, has informed the Provider that it anticipates the deposition likely will not exceed three hours of time on the record), it is unreasonable and prejudicial to BLP to limit the deposition to a period of only two hours given the extensive history of treatment that the Provider has provided to Plaintiff.  This is particularly true because BLP agreed to conduct the deposition virtually as an accommodation to the Provider and therefore is unable to control, for example, whether the Provider has difficulty accessing the remote deposition or exhibit sharing platforms[4] or other technical issues that could further reduce the time BLP has to question the Provider on the record.  The Provider's proposed two-hour limitation also is substantially less than the time period that courts have ordered for depositions in other cases involving non-party witnesses.  *See, e.g., City of Almaty,* 2020 WL 2765084, at *4 (directing non-party witness to appear for a deposition of up to seven hours); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig*., 2020 WL 3441047, at *2 (S.D.N.Y. June 23, 2020) (ordering non-party to appear for deposition limited to five hours of on-the-record time).

---

[4] This concern is not speculative, as similar issues have occurred during the two medical provider depositions that already have occurred in this case.  For example, in one instance, the witness inadvertently closed out the website through which exhibits were being shared in the middle of the deposition and had difficulty re-locating the link in her email communications.



Page 5

The Provider's demand for some unspecified additional compensation also is meritless. She has already been paid the statutory witness fee and is not entitled to any additional compensation for her testimony as a fact witness about her treatment of Plaintiff. *See, e.g., Hodge*, 2006 WL 1211725, at *5 (finding non-party psychiatrist who provided treatment to plaintiff, if deposed, would only be entitled to the statutory fee, because psychiatrist was not an expert witness and was only testifying to facts involving her treatment of plaintiff); *Turner v. Delta Air Lines, Inc*., 2008 WL 222559, at *1 (E.D.N.Y. Jan. 25, 2008) (holding that a non-party treating physician was not entitled to compensation for deposition testimony about her observations, treatment notes, and opinions formed in providing the plaintiff with medical care).

For all of the foregoing reasons, the Court should order the Provider to comply with the Subpoena and compel her appearance at a deposition to proceed on a date that is convenient for BLP within one month of the Court's order.[5]

## IV.     The Provider Should Bear BLP's Expenses Associated with this Motion.

The Court also should award BLP its reasonable expenses incurred in making this application. The Provider has not articulated any legitimate basis for her refusal to comply with the Subpoena. BLP also has in good faith attempted to confer with the Provider in an effort to obtain her testimony without judicial intervention, including exchanging numerous written communications with her, agreeing to accommodate many of her requests, and seeking to confer with her telephonically after she informed BLP she would not attend the deposition. Despite these efforts, the Provider has refused to comply with the Subpoena, thereby necessitating this pre-motion letter. The Provider therefore should be required to bear BLP's attorneys' fees incurred in connection with compelling her compliance with the Subpoena. *See Sprint Nextel Corp.*, 2014 WL 4308355, at *1 (ordering non-party to pay plaintiffs' attorneys' fees and costs incurred in connection with motion to compel non-party to comply with a subpoena); *see also Anderson*, 2009 WL 3731973, at *1 ("Any motions to compel compliance with a duly issued subpoena, if successful, would of course entitle the moving party to an award of attorneys' fees and costs in appropriate circumstances").

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:     All Counsel of Record (*via ECF*)

---

[5] Because fact discovery in this case currently is scheduled to be completed by May 31, 2024, BLP also asks the Court to permit the Provider's deposition to occur after this deadline. Doing so will not affect any other deadline in this case, including deadlines for filing of motions for class certification and summary judgment.