```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
NAULA NDUGGA,                                  :

                Plaintiff,                     :
                                                              ORDER
        -v.-                                   :
                                                              20 Civ. 7464 (GHW) (GWG)
BLOOMBERG L.P. et al,                          :

                Defendants.                    :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      This Court has considered (1) the application of defendant Bloomberg L.P. ("Bloomberg") dated May 2, 2024, to compel a Provider of the plaintiff to testify at a deposition regarding the Provider's treatment of plaintiff, (2) the Provider's response dated May 6, 2024, and (3) Bloomberg's reply dated May 9, 2024.  See Docket ## 264/266, 270, 271.

      It is common to depose treating medical or psychological practitioners where their treatment notes may not contain all relevant evidentiary matter.  The Court has considered the Provider's request that she not be deposed on the ground that the notes should suffice.  The Court has examined the notes, however, and believes there is a strong possibility that the Provider may have recollections of certain matters that are not contained in the notes.  The Court recognizes that the Provider feels unable to "fully express [her] clinical knowledge" of the plaintiff's mental status.  But the Provider need only answer questions that she is able to answer and about which she has knowledge.  Also, she is not required to prepare for the deposition in advance.

      The Court has considered the burden that a deposition would place on the Provider but finds that the defendants' need for the information outweighs the hardship that a deposition would cause.  That being said, the Court directs that every reasonable accommodation should be made to the Provider's obviously busy schedule.  Thus, the deposition shall be taken remotely, it may be taken after regular business hours or on a weekend if the Provider requires it, it shall be limited to 3 hours (unless Bloomberg can show good cause following the completion of the 3 hours why more time should be required), and it may be broken into two sessions if that is necessary to accommodate the Provider's schedule.

      The Provider is certainly free to hire an attorney to represent her at the deposition.  The Court notes that there is no requirement to hire an attorney and that any therapist/patient privilege was waived once the plaintiff filed this lawsuit.

      As previously noted, the only payment to the Provider that the Court may require Bloomberg to pay her is the $40 per day due to any witness under 28 U.S.C. § 1821.

      With regard to the statement in the Provider's letter that she "await[s]" the Court's "signed subpoena," this Order is sufficient to require the Provider's appearance.

      Accordingly, the parties are directed to confer by telephone and/or email in an attempt to reach an agreement on the scheduling of the deposition. If agreement cannot be reached, the parties shall write to the Court so stating by May 21, 2024, with their proposed dates and times, and the Court will issue an Order fixing the time and date of the deposition.

      Bloomberg is directed to serve a copy of this Order on the Provider by email forthwith and to inform the Provider by telephone that the email attaching this Order was sent.

      SO ORDERED.

Dated: May 16, 2024
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge