Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

May 21, 2024

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Gabriel W. Gorenstein
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Ndugga v. Bloomberg L.P.*, **Civil Action No. 20-cv-07464 (GHW) (GWG)**

Dear Judge Gorenstein:

We represent Bloomberg L.P. ("BLP") in the above-referenced matter. Pursuant to Your Honor's Order dated May 16, 2024 (Dkt. 273), we write to respectfully request that the Court issue an Order directing the Provider to appear for her virtual deposition on either June 3, 2024 or June 25, 2024, starting at 4:30pm.

On May 16, 2024, the Court ordered the Provider to appear for her deposition and directed the parties to confer in an attempt to reach an agreement on the scheduling of the deposition. (*Id.*) The Order also stated that "[i]f agreement cannot be reached, the parties shall write to the Court so stating by May 21, 2024, with their proposed dates and times, and the Court will issue an Order fixing the time and date of the deposition." (*Id.*)

Counsel for BLP promptly emailed the Provider a copy of the Order (copying Plaintiff's counsel) and, consistent with the Court's directives, also informed the Provider by telephone that the Order was sent by email. In the same email, BLP's counsel proposed May 22, 24, 28, 29 or 30 for the Provider's deposition (which were all before the May 31, 2024 deadline for completion of fact discovery), and asked the Provider for her availability on those dates. Plaintiff's counsel advised that none of Plaintiff's attorneys were available for a virtual three-hour deposition on any of the five dates that BLP proposed, and suggested June 5, 6, or 7 as alternate dates. As an accommodation to Plaintiff's attorneys' schedules, BLP stated that it was willing to conduct the deposition on June 7 despite the close of discovery on May 31, and asked the Provider if she was available on this date/time.

On May 21, 2024, the Provider responded and proposed June 3, June 4, June 25 or June 26 as possible dates for her deposition, all beginning at 4:30pm. The Provider also stated that she would need to confirm any date with her attorney. In response, counsel for BLP indicated that they were available on June 3, June 25 or June 26 at 4:30pm, and asked whether the Provider could confirm the availability of her attorney this evening, given the Court's May 16 Order directing the parties



Page 2

to write about any scheduling issues by today.[1] At approximately 7:00pm, the Provider advised that she had not heard back about her counsel's availability on the proposed dates.

BLP accordingly asks the Court to (i) grant BLP leave to proceed with the Provider's deposition after the close of fact discovery given Plaintiff's counsel's and the Provider's stated unavailability on any of the earlier dates that BLP had proposed, and (ii) issue an Order directing the Provider to appear for her virtual deposition on either June 3, 2024 or June 25, 2024, starting at 4:30pm.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Elise M. Bloom*
Elise M. Bloom

cc:   All Counsel of Record (*via ECF*), the Provider (*via email*)

---

[1] Plaintiff's counsel subsequently advised that only June 3 and June 25 were available, but not June 26.