June 17, 2024

**VIA ECF**
The Honorable Gregory H. Woods
U.S. District Court for the Southern District of
New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

   Re: *Syeed & Ndugga, et al. v. Bloomberg, L.P.,* No. 20-cv-07464

Dear Judge Woods:

  Pursuant to this Court's Order of June 7, 2024, the parties submit this joint letter regarding the next steps following the Second Circuit's order vacating and remanding the May 10, 2022 judgment regarding Nafeesa Syeed's claims.

**Plaintiff's Position**

  It does not appear that the parties disagree regarding the claims Ms. Syeed may now pursue, nor that the next step should be filing an amended complaint restoring the relevant portions of the Second Amended Complaint. After that the parties diverge.

  This Court's summary judgment ruling dismissed Plaintiff Syeed's claims, all of which were brought under the New York State Human Rights Law (NYSHRL) and New York City Human Rights Law (NYCHRL), including her claim that she was denied a position in New York, on the grounds that the impact of Bloomberg's actions was not in New York, and thus Ms. Syeed could not state any claims under New York law. Dkt. 50. Plaintiff Syeed's appeal concerned only her claim to have been denied positions she sought in New York, and those were the claims considered by the Second Circuit (and by the New York Court of Appeals when the Second Circuit certified the question to them). As to those claims, Defendant's motion to dismiss sought to dismiss solely on the grounds that neither NYSHRL nor NYCHRL applied to the claim, given Ms. Syeed's location in Washington, DC when she sought the New York position. See Dkt. 43. No other aspect of these promotion claims were challenged.

  Following dismissal of Plaintiff Syeed's claims, and the initiation of her appeal, Plaintiff Ndugga was permitted to file the Third and Fourth Amended Complaints. In those complaints, Plaintiffs noted that Ms. Syeed's claims were not included solely due to the Court's rulings, and that by filing the amended complaints, Ms. Syeed's claims were not being waived, but were preserved as set forth in the Second Amended Complaint. Dkt. 59, ¶ 8; Dkt. 170, ¶ 8.

  Plaintiffs propose that the next step should be for Plaintiffs to file an amended complaint for the purpose of re-incorporating Plaintiff Syeed's claims from the Second Amended Complaint that she was denied a position in New York, with no other changes. Because Defendant already had the chance to raise any and all grounds to dismiss those claims in filing its prior motion to dismiss, no further motion to dismiss should be heard, and Defendant should

answer the amended complaint. Indeed, had there not been reasons to seek amendment of Plaintiff Ndugga's claims, this case would be proceeding under the Second Amended Complaint, and it would be clear Defendant could not file a new motion to dismiss.

Following an Answer, Plaintiff Syeed proposes to proceed with discovery. Plaintiffs propose that discovery on Plaintiff Syeed's individual claim proceed concurrently with completion of expert discovery and determination of Ms. Ndugga's motion for class certification.

Defendant argues that Ms. Syeed's claims should then be severed from Ms. Ndugga's, because her promotion claims are distinct from Ms. Ndugga's compensation, hostile environment, and retaliation claims. Plaintiffs agree the claims of the two plaintiffs are distinct. Nonetheless, it would be more efficient and fair to let discovery proceed in this case, rather than require Ms. Syeed to start from scratch in a new case, on a claim she originally filed almost four years ago. If Ms. Syeed proceeds in this case, discovery on her claim could proceed more efficiently if she were permitted to rely on discovery already completed on the organizational structure of Bloomberg News, the roles of the Editorial Management Committee, Editor in Chief John Micklethwait and Deputy Editor in Chief Reto Gregori, basic HR policies, the HR data maintained by Bloomberg, and how Bloomberg sets pay when someone has been promoted, for example – all relevant background and context that Ms. Syeed would be required to discover from scratch if her case were severed. Of course, everything specific to Ms. Syeed's promotion claim needs to be the subject of new discovery requests, but limiting the duplicative work otherwise required of both parties would increase efficiency. Plaintiffs do not disagree with Defendant's position that separate trials would be appropriate, but that can be accomplished with Fed. R. Civ. P. 42(b). Complete severance at this stage is not required nor warranted.

**Defendant's Position**

Syeed, a former reporter for Defendant Bloomberg L.P. ("BLP") who worked in Washington D.C. until she resigned on June 8, 2018 (*see* Dkt. 26 ¶ 88), appears to agree that the only potential claims she has remaining in this action following the Second Circuit Court of Appeals' June 3, 2024 Summary Order concern her individual failure to promote claim under the NYSHRL and NYCHRL. Specifically, Syeed alleged in the Second Amended Complaint (Dkt. 26, "SAC") (the last version of the complaint that contained factual allegations regarding Syeed) that there was a (i) a "New York-based UN reporter job," in which she alleges to have expressed interest in March 2018 (*see* Dkt. 26 ¶¶ 79, 83-84) and (ii) a "New Economy Forum Editor position," which she alleges to have applied for in April 2018 (*see id.* ¶ 82). Syeed appears to acknowledge, consistent with prior court filings, that she does not have any Title VII claims, nor claims of pay discrimination, hostile work environment, or constructive discharge (under any statute), and those claims will not appear in an amended pleading.

As Syeed already amended her complaint prior to its dismissal, BLP respectfully requests that the Court direct her to file a complaint that mirrors the causes of action and allegations in the SAC with respect to her failure to obtain the two above-described positions in New York only. BLP disagrees with Syeed's suggestion that it pre-commit to filing an answer in response to an amended complaint that has not yet been filed and that BLP has not reviewed. BLP instead should be given the opportunity to analyze the amended complaint in the ordinary course once it is filed, including but not limited to assessing it in light of the newly articulated standard set forth

in the New York Court of Appeals' March 14, 2024 Order, and requests that the Court allow BLP 30 days to respond to Syeed's amended complaint.

BLP believes severance of Syeed's claims from Ndugga's claims is warranted pursuant to Fed. R. Civ. P. 21. Ndugga is a former producer who worked for BLP in New York and brings compensation related claims. Syeed's claims are discrete and distinct from those of Ndugga's—they involve entirely different alleged facts and underlying events, challenge different alleged employment decisions, and will involve different witnesses and documentary evidence. Indeed, Syeed already has represented to this Court that her claims are fundamentally distinct from Ndugga's claims. In connection with her motion for entry of judgment pursuant to Rule 54(b), so that she could pursue an appeal of the Court's dismissal of her failure-to-promote claim while Ndugga's case continued on, Syeed stated to the Court, among other things:

- That her failure-to-promote claims "share[] no overlap" with Ndugga's case that is "focused on class compensation claims." (Dkt. 57 at 2.)

- Because Ndugga's claims do not include promotion claims, there would be "no discovery of Defendant's promotion policies or practices [in connection with Ndugga's claims], let alone any inquiry into the reasons why Ms. Syeed was denied the positions that she sought." (Dkt. 66 at 5.)

The Court relied on those representations in granting Syeed's Rule 54(b) motion. Fact discovery concerning Ndugga's claims—which was ongoing for more than two years—is now complete. While Syeed now argues for purported efficiencies in shared discovery, she overstates it. Syeed's remaining claims concern a narrow issue: she claims there are two specific positions in New York she was purportedly interested in that she did not receive. If Syeed's claims proceed to discovery, BLP is open to avoiding duplicative discovery and would aim to be efficient to the extent there is any overlap and it would be appropriate, but as noted above, believes Syeed's and Ndugga's claims should be severed. The remainder of Ndugga's litigation should not be connected to Syeed's wholly different case in any respect, nor should their claims be tried together (to the extent anything remains for trial after dispositive motion practice).[1]

BLP respectfully requests, therefore, in addition to permitting BLP 30 days to respond to Syeed's amended complaint after its filing, that the Court also grant BLP permission to file a pre-motion letter concerning severance or proceed directly to motion practice on the issue, within 30 days of Syeed's filing. Because Syeed has not yet filed an amended complaint and BLP plans to move to sever, we believe that it would be premature to set a case schedule until these threshold issues are resolved.

---

[1] Syeed is also not a member of the putative classes Ndugga seeks to represent in the Fourth Amended Complaint in connection with Ndugga's pay discrimination claims. Specifically, Syeed resigned from her employment with BLP on June 8, 2018 (*see* Dkt. 26 ¶ 88), which was prior to the February 3, 2021 beginning date for Ndugga's proposed Title VII class (*see* Dkt. 170 ¶ 48), and Ndugga's proposed New York class only includes employees who worked in or resided in New York, which Syeed indisputably did not (*see id.* at ¶ 49).

Sincerely,

| | |
|---|---|
| */s/ Christine E. Webber* | */s/Elise M. Bloom* |
| Christine E. Webber | Elise M. Bloom |
| COHEN MILSTEIN SELLERS & TOLL LLC | PROSKAUER ROSE LLP |
| | |
| Donna H. Clancy | |
| THE CLANCY LAW FIRM | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |