Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 29, 2024

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**VIA ECF**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Syeed et al. v. Bloomberg L.P.*, S.D.N.Y. 20 Civ. 7464 (GHW) (GWG)

Dear Judge Gorenstein:

We represent Defendant Bloomberg L.P. ("BLP") in the above-captioned action. Pursuant to Rule 2.A of Your Honor's Individual Practices, BLP respectfully requests a conference regarding its anticipated motion for a more definite statement, pursuant to Fed. R. Civ. P. ("Rule") 12(e). As described in further detail below, BLP's anticipated motion would seek to require that Plaintiff Nafeesa Syeed provide a more definite statement regarding her vague and ambiguous allegations in the Fifth Amended Complaint (Dkt. 296, "FAC") that she was denied unidentified "promotions and other career opportunities" in both New York and other unspecified "locations." (*See* FAC ¶¶ 2, 200, 206.) Syeed should be required to provide sufficient factual specificity regarding the "promotions and other career opportunities" she allegedly was denied so that BLP can fairly understand and properly respond to those claims.[1]

### I.    Relevant Background

Syeed is a former reporter who worked for BLP in Washington D.C. until she resigned in June 2018. (FAC ¶¶ 2, 79, 99.) Syeed commenced her lawsuit in New York Supreme Court in August 2020. (Dkt. 1-1.) After BLP removed the case to federal court, Syeed filed a Second Amended Complaint. (Dkt. 26, "SAC".) In the SAC, Syeed alleged that she was discriminatorily denied promotions and identified two positions as the basis for her claims: (i) a "New York-based UN reporter job" in which she allegedly expressed interest in March 2018 and (ii) a "New Economy Forum Editor" job in New York that she did not claim was ever filled. (SAC ¶¶ 79, 82.)

In October 2021, the Court dismissed Syeed's lawsuit in full. Syeed subsequently pursued an appeal of only her failure-to-promote claim based on sex and race under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

On June 3, 2024, the Second Circuit vacated dismissal of Syeed's promotion claim and remanded the case. (Dkt. 286, the "June 3 Order".) On June 17, 2024, based on the Second Circuit's remand, the parties submitted a joint letter to Judge Woods regarding next steps in the action. (Dkt. 279.) In the joint letter, Syeed requested leave to file an amended complaint "for the purpose of re-

---

[1] BLP also intends to file a motion to sever Syeed's claims from Plaintiff Naula Ndugga's claims pursuant to Rule 21. If both motions are granted, then BLP requests that Syeed be ordered to file an amended complaint in the severed action that would only include allegations relevant to her claims, and provide sufficient factual specificity regarding the "promotions and other career opportunities" giving rise to her claims so that BLP can properly respond to Syeed's claims.

incorporating [her] claims from the Second Amended Complaint that she was denied a position in New York, <u>with no other changes</u>." (*Id.*) (emphasis added).

On June 18, 2024, Judge Woods granted Syeed "leave to file an amended complaint solely to reinsert the claims that were restored pursuant" to the June 3 Order. (Dkt. 285.) Judge Woods also ordered that BLP's deadline to answer or otherwise respond to the FAC was 21 days after service of Syeed's amended complaint. (*Id.*)

On July 8, 2024, Syeed filed the FAC.[2] Like in the SAC, Syeed alleged that she had been denied promotions to the "New York-based UN reporter job" and "New Economy Forum Editor" job in New York. (FAC ¶¶ 91, 93-94.) However, in direct violation of Judge Woods' June 18, 2024 Order, Syeed added into the Fifth and Sixth Counts of the FAC that she also was bringing claims for the alleged denial of "other career opportunities." (FAC ¶¶ 2, 200, 206; *see also* Ex. A (redline comparing SAC and FAC).) The FAC does not plead any facts about the "other career opportunities" referenced in these Counts, such as what the "opportunities" were, where they were located, the date(s), or any other identifying information. Syeed also added new language to the FAC stating that she was challenging not only the denial of positions in New York (as had been the case in the SAC), but also promotions in "other locations" that she allegedly was denied "in several cases." (FAC ¶ 2.) Again, no other facts were pled to allow BLP to understand what "promotions" she claims she was denied, or where they were located.

On July 9, 2024, BLP emailed Syeed's counsel regarding the amendments to the FAC, stating that Syeed's changes were in violation of Judge Woods' order and should be removed. (Ex. B.) In response, Syeed's counsel stated that Syeed's claims in the SAC were not "limited to two specific promotions" of UN Reporter and New Economy Forum Editor and should have been construed as challenging other additional "positions [that Syeed] allege[s] she was denied." (*Id.*) Syeed's counsel refused to withdraw the new language in the Fifth and Sixth Counts of the FAC, claiming that it was "consistent with" the allegations in the SAC. (*Id.*) Like the FAC itself, Syeed's counsel provided no factual information that would allow BLP to identify which other positions and/or career opportunities Syeed is challenging in this lawsuit.

## II. BLP's Anticipated Motion For A More Definite Statement

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "[A] 12(e) motion is proper when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint."[3] *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005) (internal citation omitted); *see also Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 103 (E.D.N.Y. 2004) (*sua*

---

[2] The Clerk's office subsequently rejected the FAC due to a filing deficiency, and Syeed refiled it on July 10, 2024. (Dkt. 296.)

[3] While "[m]otions for a more definite statement are generally disfavored," they "may be appropriate where they are warranted and not made for purposes of delay." *Garcia v. Walcott*, 2024 WL 2838898, at *1 (W.D.N.Y. May 28, 2024); *see Burch v. Beth Israel Med. Ctr.*, 2003 WL 253177, at *6 (S.D.N.Y. Feb. 5, 2003) (Gorenstein J.) (recommending that "[t]o the extent there is any lack of clarify in [plaintiff's] complaint as to which employment actions are at issue, *that clarity can be achieved through the service of interrogatories or a motion under Fed.R.Civ.P. 12(e).*") (emphasis added) (report and recommendation adopted, ECF No. 24).

**Proskauer**

Page 3

*sponte* granting motion for a more definite statement where the defendant could not "reasonably be expected to respond to [a claim] in its present form"). "The granting of such a motion is within the discretion of the district court." *Rodriguez v. Chex Sys., Inc.*, 2024 WL 1721337, at *3 (W.D.N.Y. Apr. 22, 2024).

BLP cannot reasonably prepare a response to the FAC in its current form because Syeed has not provided any identifying information regarding the "other career opportunities" and/or promotions to positions in unidentified "locations" outside of New York that she allegedly was denied. While the FAC mentions two specific positions in New York, Syeed's counsel has expressly stated that Syeed's claims in this case are based on the denial of other positions, promotions and/or career opportunities beyond those two positions. (*See* Ex. B.) Without factual information regarding the name(s), approximate date(s), whether Syeed actually applied for the position(s), and other identifying information regarding the other unspecified positions and/or other career opportunities that Syeed allegedly sought and was denied, it is impossible for BLP to respond, either by moving to dismiss claims that may have been improperly expanded beyond the limits in Judge Woods' June 18 Order, or to investigate and then admit or deny her allegations.

Multiple courts have granted motions for a more definite statement in similar situations where the plaintiff failed to plead sufficient factual information regarding the position and/or other job opportunity that he or she was challenging, such that the defendant could not reasonably prepare a response. *See Coleman v. Majestic Star Casino, LLC*, 2012 WL 1424396, at *4 (N.D. Ind. Apr. 24, 2012) (granting motion for a more definite statement in relevant part where it was "not clear what promotion [plaintiff] did not receive and when the alleged failure to promote occurred"; ordering plaintiff to amend the complaint to provide this information); *Young v. Warner-Jenkinson Co., Inc.*, 170 F.R.D. 164, 166 (E.D. Mo. 1996) (in connection with claim alleging plaintiff "applied for numerous full-time positions," holding that the complaint "must be made more definite by a more specific description of the nature of the employment positions sought and when they were unlawfully denied to plaintiff").[4] Here too, the FAC "is so vague or ambiguous" as to what "career opportunities" and/or promotions Syeed is challenging that BLP "cannot reasonably prepare a response" to her allegations. *See* Rule 12(e).

For the foregoing reasons, BLP respectfully requests permission to file a motion for a more definite statement pursuant to Rule 12(e), requiring Syeed to provide sufficient factual specificity regarding the unidentified "promotions and other career opportunities" in various "locations" that she is challenging in the FAC, so that BLP can properly respond to those claims.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

---

[4] *See also Evans v. Port Auth. of N.Y. & N.J.*, 2007 WL 3071808, at *14 (D.N.J. Oct. 18, 2007); *Usher v. Cracker Barrel Old Country Store, Inc.*, 2007 WL 4284764, at *2 (D.N.H. Dec. 4, 2007); *Saad v. Burns Int'l Sec. Servs., Inc.*, 456 F. Supp. 33, 36-37 (D.D.C. 1978).