# EXHIBIT B

| | |
|---|---|
| **From:** | Christine E. Webber <CWebber@cohenmilstein.com> |
| **Sent:** | Thursday, July 11, 2024 10:44 AM |
| **To:** | Martin, Allison L.; Dana Busgang; Donna Clancy |
| **Cc:** | Bloom, Elise M.; Batten, Mark W.; Philion, Rachel S.; Goldberg, Pinchos |
| **Subject:** | RE: Activity in Case 1:20-cv-07464-GHW-GWG Naula Ndugga v. Bloomberg L.P. et al Amended Complaint |

*This email sent by cwebber@cohenmilstein.com originated from outside the Firm.*

Counsel:

As you acknowledge below, the fact allegations regarding Ms. Syeed <u>always</u> referred to positions she was denied. The Counts were never limited to two specific promotions as you claim, and should always have been read to encompass the positions she alleged she was denied, as all were better positions than the one she held. The language of the Counts in the Fifth Amended Complaint is consistent with the allegations as they always were, and the language of the Count conforming to the allegations is no more improper than the language changes we made to conform to our exclusion of certain claims made previously.

Let us know if you want to discuss.

Christine

**From:** Martin, Allison L. <AMartin@proskauer.com>
**Sent:** Wednesday, July 10, 2024 1:13 PM
**To:** Christine E. Webber <CWebber@cohenmilstein.com>; Dana Busgang <dbusgang@cohenmilstein.com>; Donna Clancy <dhc@dhclancylaw.com>
**Cc:** Bloom, Elise M. <ebloom@proskauer.com>; Batten, Mark W. <mbatten@proskauer.com>; Philion, Rachel S. <rphilion@proskauer.com>; Goldberg, Pinchos <pgoldberg@proskauer.com>
**Subject:** RE: Activity in Case 1:20-cv-07464-GHW-GWG Naula Ndugga v. Bloomberg L.P. et al Amended Complaint

Counsel,

Your email fails to directly respond to the specific issue we raised, which is that Syeed improperly added new language to Counts Five and Six in the FAC that did not appear in the SAC.

- In Counts Five and Six of the SAC, Syeed claimed she experienced discrimination with respect to "promotions, setting [her] compensation, and creating a hostile work environment." (Dkt. 26 ¶¶ 146, 151.) These SAC Counts contained no reference to "other career opportunities."
- The corresponding Counts in the FAC remove the references to compensation and hostile work environment because those claims have been conclusively dismissed, but now state that Syeed experienced discrimination with respect to "promotions <u>and other career opportunities</u>." (Dkt. 295 ¶¶ 200, 206.)

You state that "use of the word 'opportunities' instead of 'promotions' is not a change in the substance of the claims," but if that is the case, then it is not necessary for Syeed to use both terms and to now specify for the first time in the FAC that her claims are for discrimination in both promotions <u>and</u> "other career opportunities." She should have no problem removing the new, extraneous "and other career opportunities" language if it is substantively meaningless to her claims, as you suggest.

1

The references to "positions" and "opportunities" in paragraphs 20, 32 and 79-82 of the SAC also do not justify Syeed's additions to Counts Five and Six in the FAC.  You acknowledge that these factual allegations were in the SAC, but, despite this, Counts Five and Six of the SAC plainly did not assert claims for the denial of "other career opportunities."  Syeed only asserted claims of discrimination in "promotions" based on the allegations in the SAC about other positions in NY.  This is the sole claim she was allowed to replead in the FAC, "with no other changes."  (Dkt. 285.)  If Syeed is now claiming that she was discriminatory denied other, entirely unspecified positions in NY that were not promotions (beyond the UN reporter and New Economy Editor roles that she has repeatedly characterized to multiple courts as promotions) and this is why she is added a claim based on denial of "other career opportunities" separate from promotions, as you seem to now be saying, then that is a substantive departure from what was pled in Counts Five and Six of the SAC, and is in violation of the Court's order.

Please confirm today that Syeed will withdraw the new language she added to Counts Five and Six of the FAC about bringing claims for the alleged denial of "other career opportunities," as well as the associated reference to these claims in paragraph 11 of the FAC.

Regards,
Allison

**Allison Martin**
Senior Counsel
(she/her)

Proskauer
Eleven Times Square
New York, NY 10036-8299
d 212.969.3347
f 212.969.2900
amartin@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** Christine E. Webber <CWebber@cohenmilstein.com>
**Sent:** Tuesday, July 9, 2024 3:43 PM
**To:** Martin, Allison L. <AMartin@proskauer.com>; Dana Busgang <dbusgang@cohenmilstein.com>; Donna Clancy <dhc@dhclancylaw.com>
**Cc:** Bloom, Elise M. <ebloom@proskauer.com>; Batten, Mark W. <mbatten@proskauer.com>; Philion, Rachel S. <rphilion@proskauer.com>; Goldberg, Pinchos <pgoldberg@proskauer.com>
**Subject:** RE: Activity in Case 1:20-cv-07464-GHW-GWG Naula Ndugga v. Bloomberg L.P. et al Amended Complaint

*This email sent by cwebber@cohenmilstein.com originated from outside the Firm.*

Counsel:

Both Donna and I are currently traveling, so nothing is likely to get done in 24 hours.  We also received a notice from the court about how the complaint was filed, saying we need to create Nafeesa Syeed as a party, though she was listed and selected when we filed.  So that needs to be sorted out before we can file anything concerning Ms. Syeed.

I would encourage you to take a breath.  The use of the word "opportunities" instead of "promotions" is not a change in the substance of the claims presented by Ms. Syeed.  The substantive change – which I notice you do not complaint about – is that Ms. Syeed does not seek to pursue classwide promotion claims.  In addition, while maintaining a description of the underlying facts, we removed language referring to Ms. Syeed's departure from Bloomberg as a "constructive discharge" because she is not pursuing a constructive discharge claim, and that could be confusing.  You don't seem to be concerned about these changes, which actually are substantive, though I think not inconsistent with the Court's Order.

2

As to your specific complaints, note that the Second Amended Complaint refers to "opportunities" in paragraphs 20 and 32.  Further note, that while you suggest there were only two promotion claims in the Second Amended complaint, that is not an accurate accounting of the Second Amended complaint which includes in paragraph 79, her application for the UN job in New York, in paragraph 81 she alleges that she applied for "various positions within Defendant Bloomberg's New York Bureau," and in paragraph 82 she alleges she applied for "the New Economy Forum Editor position, among others, in New York."  Thus, in the Second Amended Complaint that we proposed and the Court directed us to incorporate, the allegations of being denied positions were not always described as "promotions" and the allegations described applying for more than two positions in New York.  In sum, we see nothing inconsistent between the allegations presented in the Second and Fifth Amended complaint with respect to Ms. Syeed.  Whether one refers to "positions" or "opportunities" or "promotions" we are referring to her pursuit of positions referenced in paragraphs 79-82 of the Second Amended Complaint.  Thus, we do not see any basis for your complaint.

Christine

---

**From:** Martin, Allison L. <AMartin@proskauer.com>
**Sent:** Tuesday, July 9, 2024 12:06 PM
**To:** Christine E. Webber <CWebber@cohenmilstein.com>; Dana Busgang <dbusgang@cohenmilstein.com>; Donna Clancy <dhc@dhclancylaw.com>
**Cc:** Bloom, Elise M. <ebloom@proskauer.com>; Batten, Mark W. <mbatten@proskauer.com>; Philion, Rachel S. <rphilion@proskauer.com>; Goldberg, Pinchos <pgoldberg@proskauer.com>
**Subject:** FW: Activity in Case 1:20-cv-07464-GHW-GWG Naula Ndugga v. Bloomberg L.P. et al Amended Complaint

Counsel,

In Counts Five and Six of the Fifth Amended Complaint filed yesterday, Plaintiff Syeed purports to assert discrimination claims for not only the alleged denial of "promotions," but also for the alleged denial of "other career opportunities." (Dkt. 295 ¶¶ 200, 206.)  Syeed's addition of new claims challenging "other career opportunities" is in direct violation of Judge Woods' Order, which clearly stated that Syeed could only "reinsert the claims that were restored pursuant to the Second Circuit's June 3, 2024 ruling" (Dkt. 285)—*i.e.,* the claims that Syeed was denied two specific alleged "promotions" to positions based in New York.

Additionally, you had explicitly stated to the Court on June 17th that the anticipated amended complaint would only "re-incorporat[e] Plaintiff Syeed's claims from the Second Amended Complaint that she was denied a position in New York, <u>with no other changes</u>." (*Id.*) (emphasis added).  The "other career opportunities" language in the Fifth Amended Complaint does not appear anywhere in the corresponding causes of action in the Second Amended Complaint and is clearly an additional, improper change.

Please confirm within 24 hours that Plaintiff Syeed will withdraw the improper and impermissible portions of the Fifth and Sixth Causes of Action regarding the purported denial of "other career opportunities."  If she refuses to do so, then Defendant intends to seek appropriate relief from the Court.

Regards,
Allison

**Allison Martin**
Senior Counsel
(she/her)

**Proskauer**
Eleven Times Square
New York, NY 10036-8299
d 212.969.3347

3

f 212.969.2900
amartin@proskauer.com

greenspaces
Please consider the environment before printing this email.

---

**From:** NYSD_ECF_Pool@nysd.uscourts.gov <NYSD_ECF_Pool@nysd.uscourts.gov>
**Sent:** Monday, July 8, 2024 11:27 AM
**To:** CourtMail@nysd.uscourts.gov
**Subject:** Activity in Case 1:20-cv-07464-GHW-GWG Naula Ndugga v. Bloomberg L.P. et al Amended Complaint

*This email sent by nysd_ecf_pool@nysd.uscourts.gov originated from outside the Firm.*

---

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Southern District of New York

## Notice of Electronic Filing

The following transaction was entered by Webber, Christine on 7/8/2024 at 11:26 AM EDT and filed on 7/8/2024

| | |
|---|---|
| **Case Name:** | Naula Ndugga v. Bloomberg L.P. et al |
| **Case Number:** | 1:20-cv-07464-GHW-GWG |
| **Filer:** | Naula Ndugga |
| | Nafeesa Syeed |

**Document Number:** 295

**Docket Text:**
**FIFTH AMENDED COMPLAINT amending [170] Amended Complaint against Bloomberg L.P. with JURY DEMAND.Document filed by Naula Ndugga, Nafeesa Syeed. Related document: [170] Amended Complaint..(Webber, Christine)**


**1:20-cv-07464-GHW-GWG Notice has been electronically mailed to:**

Allison Lynn Martin     amartin@proskauer.com, LSOSDNY@proskauer.com

Christine Webber     cwebber@cohenmilstein.com, enotices@cohenmilstein.com

Dana Busgang     dbusgang@cohenmilstein.com

Donna H. Clancy     dhc@dhclancylaw.com

Elise Michelle Bloom     ebloom@proskauer.com, elise-bloom-8757@ecf.pacerpro.com, lsosdny@proskauer.com

Mark W. Batten     mbatten@proskauer.com, mark-batten-4966@ecf.pacerpro.com

Olivia Marie Clancy     oclancy@shegerianlaw.com

Pinchos Nisson Goldberg     pgoldberg@proskauer.com, LSOSDNY@proskauer.com, pinchos-goldberg-2767@ecf.pacerpro.com

Rachel S Philion     rphilion@proskauer.com, asmith@proskauer.com, LSOSDNY@proskauer.com, MPetraro@proskauer.com, rachel-philion-0845@ecf.pacerpro.com

Rebecca Ojserkis     rojserkis@cohenmilstein.com, enotices@cohenmilstein.com

**1:20-cv-07464-GHW-GWG Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1008691343 [Date=7/8/2024] [FileNumber=31534832-0
] [0726e8fccc3e19ce0baa9e339504ac693648cf66e1d53e607fa250623d27000b31c
3e3b21d3b5d501c406d587b58db300499a02a0618959e1efefa34483f5e74]]

*********************************************************************************************
****************************************************

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
*********************************************************************************************
****************************************************