UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NAULA NDUGGA et al., :

            Plaintiffs, :

    -v.- :     OPINION AND ORDER

                               20 Civ. 7464 (GHW) (GWG)
BLOOMBERG L.P., :

           Defendant. :
----------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

    Before the Court are two applications brought by defendant Bloomberg L.P. ("BLP") with respect to the claims of plaintiff Nafeesa Syeed. The first is an application pursuant to Fed. R. Civ. P. 12(e) for Syeed to file a more definite statement. See Letter, filed July 29, 2024 (Docket # 298) ("Def. Stm. App."); Letter, filed July 31, 2024 (Docket # 300) ("Def. Stm. Opp."); Letter, filed Aug. 6, 2024 (Docket # 303) ("Def. Stm. Reply"). The second is an application, pursuant to Fed. R. Civ. P. 21, to sever Syeed's claims from those of plaintiff Naula Ndugga. See Letter, filed July 29, 2024 (Docket # 297) ("Sev. App."); Letter, filed July 31, 2024 (Docket # 299) ("Sev. Opp."); Letter, filed Aug. 6, 2024 (Docket # 302) ("Sev. Reply"). Plaintiffs oppose each of these requests. For the following reasons, BLP's application for a more definite statement is denied and its application to sever Syeed's claims is granted.

Motion for a More Definite Statement

    Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Such motions are "generally disfavored," Garcia v. Wolcott, 2024 WL 2838898, at *1 (W.D.N.Y. May 28, 2024), and "should not be granted if the allegations in the complaint comply with Rule 8 . . .," Brown-Carter v. Jovia Financial Federal Credit Union, 2024 WL 3659595, at *1 (E.D.N.Y. June 12, 2024) (citation and quotation marks omitted). "For a more definite statement to be warranted, the complaint must be 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" Kuklachev v. Gelfman, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009) (quoting Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777, 781-82 (S.D.N.Y.2001)). Importantly, "Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process." Brown-Carter, 2024 WL 3659595, at *1 (quoting ProBatter Sports, LLC v. Sports Tutor, Inc., 246 F.R.D. 99, 101 (D. Conn. 2007)).

    Here, BLP's application is primarily concerned with plaintiffs' use of the term "promotions and other career opportunities" in the amended complaint.[1] See Def. Stm. App. at

---

[1] In its initial letter, BLP also took issue with the amended complaint's use of the term "other locations." See Def. Stm. App. at 1. After plaintiffs filed their opposition, BLP indicated that the use of this term was no longer a basis for granting its application. See Def. Stm. Reply at 1 n.1 ("Accordingly, Syeed's insertion of the new ambiguous language about being denied

1; see also Fifth Amended Complaint, filed July 10, 2024 (Docket # 296) ("Am. Compl."), ¶¶ 200, 206. While the amended complaint provides factual allegations as to two specific positions Syeed applied for and was denied, it also alleges more generally that BLP discriminated against Syeed on the basis of race and sex in denying her "promotions and other career opportunities." Id. BLP argues that the term "other career opportunities" suggests Syeed's claim is based on "the denial of other positions, promotions and/or career opportunities beyond those two positions." Def. Stm. App. at 3. BLP argues that without specific information on these "other" career opportunities, it is unable to (1) "investigate and then admit or deny [Syeed's] allegations" and (2) "mov[e] to dismiss claims that may have been improperly expanded beyond the limits" of the district court's order granting plaintiffs leave to file the amended complaint. Def. Stm. App. at 3.

The second point is easily dealt with. Nothing prevents BLP from moving to dismiss the complaint on the ground that it exceeds the scope of Judge Woods' order granting plaintiffs "leave to file an amended complaint solely to reinsert the claims that were restored pursuant to the Second Circuit's June 3, 2024 ruling." Memorandum Endorsement, filed June 18, 2024 (Docket # 285). If BLP contends plaintiffs could not include claims as to the "other career opportunities," it is not necessary to provide further detail as to those claims in order for BLP to make such a motion.

As to the issue of whether the current language is such that defendant is prejudiced in responding to the allegations in the amended complaint, we recognize that it would be better if each opportunity denied were specified. But we cannot find that the amended complaint rises to the level of being "so excessively vague and ambiguous as to be unintelligible." Kok, 154 F. Supp. 2d at 781-82; Ainette v. Mkt. Basket Inc., 2021 WL 1022590, at *7 (S.D.N.Y. Mar. 16, 2021) ("Rule 12(e) motions are typically reserved for fairly extreme situations . . . ."). Turning to BLP's articulation of prejudice — that it is unable to "investigate and then admit or deny [Syeed's] allegations," Def. Stm. App. at 3 — the Court is doubtful that BLP would have difficulty giving its position now on the truth of an allegation that it engaged in race and sex discrimination with respect to career opportunities even if not all of those career opportunities are specifically described. See generally Young v. Warner-Jenkinson Co., 170 F.R.D. 164, 166 (E.D. Mo. 1996) ("[I]f the complaint meets the Rule 8(a)(2) requirements and gives fair notice to the opposing party in order that it may fashion a responsive pleading, a motion for a more definite statement will be denied."). If BLP has any doubt as to the truth of this more general allegation, it is free to deny knowledge or information sufficient to form a belief about the truth as permitted by Fed. R. Civ. P. 8(b)(5).

Each of the cases BLP cites in support of its application involved instances where a plaintiff failed to provide any information related to the positions forming the basis of their claim. See, e.g., Coleman v. Majestic Star Casino, LLC, 2012 WL 1424396, at *4 (N.D. Ind. Apr. 24, 2012) ("[I]t is not clear what promotion she did not receive and when the alleged failure to promote occurred."); Young, 170 F.R.D. at 166 (granting Rule 12(e) motion where plaintiff failed to cite any position applied for and merely alleged "he applied for numerous full-time positions"); Saad v. Burns Int'l Sec. Servs., Inc., 456 F. Supp. 33, 36 (D.D.C. 1978) (granting Rule 12(e) motion, noting "[m]ere allegations of systematic discrimination . . . do not suffice to

---

positions in 'other locations' in Paragraph 2 of the FAC is no longer at issue in this motion.") (internal citations omitted).

state a claim") (citation and quotation marks omitted). In those cases, it did not make sense for the action to go forward on the existing complaint because it was unclear if there was any foundation to the plaintiff's claims. Here, by contrast, Syeed has provided factual allegations as to two positions forming the basis of her failure-to-promote claim. See Am. Compl. ¶¶ 91, 94. A plaintiff's pleading of detailed allegations of discrimination, if ultimately found to be true, lends credence to a plaintiff's assertion that there may be other instances of discrimination that cannot be identified now but which the plaintiff is entitled to pursue.[2] See Vaden v. Lantz, 459 F. Supp. 2d 149, 153 (D. Conn. 2006) (denying Rule 12(e) motion where complaint provided sufficient detail, observing that "[f]urther detail as to the nature of the conduct can be obtained through discovery").

In the end, the "lack of detail" that BLP points to is simply insufficient for it to prevail on its motion. See, e.g., Kelly v. L.L. Cool J., 145 F.R.D. 32, 35 (S.D.N.Y. 1992) ("Rule 12(e) is designed to remedy unintelligible pleadings, not merely to correct for lack of detail."); see also Riccio v. Gent Unif. Rental Corp., 2006 WL 3499219, at *1 (E.D.N.Y. Dec. 2, 2006) ("[A] motion for a more definite statement is only appropriate if the complaint does not provide a short and plain statement as required by Rule 8 of the Federal Rules of Civil Procedure."); accord Vann v. Persico, 2021 WL 1198844, at *8 (S.D.N.Y. Mar. 30, 2021). Accordingly, the motion for a more definite statement is denied.

Motion to Sever Claims

Under Fed. R. Civ. P. 21, a court may "sever any claim against a party." Fed. R. Civ. P. 21; accord Taylor v. Molina, 2024 WL 2093467, at *1 (S.D.N.Y. May 9, 2024). "Severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." Hedgeye Risk Mgmt., LLC v. Dale, 343 F.R.D. 367, 370 (S.D.N.Y. 2023) (citation, quotation marks and alterations omitted). "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." State of N.Y. v. Hendrickson Bros., 840 F.2d 1065, 1082 (2d Cir. 1988). In determining whether severance is appropriate, courts in the Second Circuit consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

Hedgeye Risk Mgt., LLC, 343 F.R.D. at 370 (citation and quotation marks omitted).

Here, plaintiffs do not counter BLP's contention that Ndugga's and Syeed's claims do not arise out of the same transaction or occurrence and that the claims do not present common questions of law or fact. Nor could they. As plaintiffs stated in seeking entry of judgment under Fed. R. Civ. P. 54(b), Syeed's claims "share[] no overlap" with Ndugga's claims. Plaintiff

---

[2] BLP argues that it requires information on the dates Syeed applied for these "other" positions so as to determine whether the claims are timely. See Def. Stm. Reply at 1. We are not inclined to address this argument as it was made for the first time in BLP's reply letter. In any event, Syeed will eventually be required to identify her contentions in this case regarding these other opportunities or positions. At that time, the argument regarding timeliness may be made.

Syeed's Memorandum in Support, filed Dec. 9, 2021 (Docket # 57), at 2. Indeed, plaintiffs "concede that separating the claims is appropriate for trial . . . ." Sev. Opp. at 3.

Plaintiffs' primary opposition is on the third factor, asserting that there is "substantial and significant overlap of discovery." Sev. Opp. at 2 (capitalization omitted). They thus argue that severing Syeed's claims will result in "duplicative discovery." Id. at 2-3. In fact, fact discovery for Ndugga's claims closed on May 31, 2024, and expert discovery is set to close on October 11, 2024. See Memorandum Endorsement, filed Feb. 6, 2024 (Docket # 259), at 4-5. No discovery has taken place as to Syeed's claims. There is thus no chance that Ndugga will have to take any fact discovery at all. As for discovery that may be taken by Syeed, it is difficult to square plaintiffs' claim of "substantial" overlap when plaintiffs do not even argue that Syeed's claims have any common questions of fact with Ndugga's or that they arise out of the same occurrence. To the extent any discovery in Ndugga's case is relevant to Syeed's case, Syeed will not need to duplicate that discovery because the Court may order, and BLP has agreed, see Sev. App. at 3 n.2; Sev. Reply 3, that appropriate discovery already taken in Ndugga's case may be used in Syeed's case. The fact that Ndugga claims "are already functionally proceeding as a separate case" weighs heavily in favor of granting BLP's motion. Dickerson v. Novartis Corp., 315 F.R.D. 18, 25 (S.D.N.Y. 2016).

As for the remaining factors, we do not find them relevant inasmuch as plaintiffs concede the eventual need for severance and admit that "Plaintiff Syeed's promotion claims are distinct from Plaintiff Ndugga's compensation, hostile environment, and retaliation claims." Sev. Opp. at 3. Thus, the Court finds that there will be no loss of judicial economy and no prejudice to either party from the severance of claims.

Accordingly, that Syeed's and Ndugga's claims are at vastly different stages of litigation and that any potential prejudice resulting from severance can be mitigated by a sharing of discovery, BLP's application to sever Syeed's and Ndugga's claims is granted.

Conclusion

The motion for a more definite statement is denied. The application to sever the claims of Nafeesa Syeed is granted. The Clerk of Court is directed to open a new case where Nafeesa Syeed is the only plaintiff. The Fifth Amended Complaint (Docket # 296) shall be used as the operative pleading. The docket sheet shall reflect the same defendant and attorney appearances. The new case shall be assigned to Judge Woods and designated to the undersigned. Within 7 days of the opening of that case, Syeed shall file an amended complaint that eliminates any matter now existing in the Fifth Amended Complaint that does not relate to the claims of Syeed. The plaintiffs shall not be required to serve the complaint or amended complaint on defendant as the ECF filing will be sufficient for service. Defendant shall respond to the amended complaint within 21 days of its filing.

SO ORDERED.

Dated: August 12, 2024
      New York, New York

                                            _____
                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge

5