# COHENMILSTEIN

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
cohenmilstein.com

Christine E. Webber
**O:** 202.408.4600
**D:** 202.408.4616
cwebber@cohenmilstein.com

# MEMORANDUM ENDORSED

October 23, 2024

The Honorable Gabriel W. Gorenstein
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Ndugga v. Bloomberg L.P.*, No. 20 Civ. 7464 (GHW)(GWG)

Dear Judge Gorenstein:

    Plaintiff Naula Ndugga submits this letter in response to Defendant's request, under the Court's September 12, 2024 Order, to allow Dr. Martin to provide a response to Dr. Neumark's supplemental tables: one month after receiving them; after Dr. Neumark's deposition, and one business day before her own deposition. *See* Dkts. 313, 311.

    Plaintiff opposes Defendant's request for Dr. Martin to supplement on the grounds that the belated nature of this request would prejudice Plaintiff. On October 4, 2024, Plaintiff engaged in affirmative outreach suggesting she would consent to a request by Defendant to supplement so long as she was not sandbagged. She wrote to Defendant that should it seek to supplement Dr. Martin's report, that Plaintiff expected to receive any supplemental materials by October 8, 2024. This date was three weeks before Dr. Martin's deposition, since Defendant had indicated that it required at least three weeks to review Dr. Neumark's supplemental tables before his deposition. Dkt. 309 at 3. In her October 4, 2024 email, Plaintiff offered to speak by phone nearly all day on October 7, 2024.

    But Defendant elected not to respond to this email. Instead, Defendant only indicated to Plaintiff that it would seek the Court's leave to supplement on October 23, 2024 at 11AM. This request comes one-day *after* Dr. Neumark's deposition took place, with Dr. Martin in attendance throughout. Defendant proposes three pages, but does not specify whether those three pages will be tables of statistical analyses, like Dr. Neumark's supplement, or additional and/or rebuttal opinion. Regardless, this request is prejudicial in two respects.

    First, Dr. Martin's deposition is scheduled for October 29, 2024, with expert discovery closing the next day. Dkt. 308. Whether a reasonable amount of time for supplementation would be the two weeks ordered by the Court, Dkt. 307, or the three weeks requested by Defendant,

COHENMILSTEIN

October 23, 2024
Page 2

Dkt. 309 at 3, with respect to Dr. Neumark's supplemental tables, Defendant's proposal to allow only one business day (after accounting for the weekend) is plainly insufficient.

      Second, even if discovery deadlines were extended to provide Plaintiff additional time to review Dr. Martin's supplement, any supplement now would prejudice Plaintiff. Plaintiff's expert, Dr. Neumark, has already been deposed and would have no opportunity to opine—through a supplemental report or during his deposition—on Dr. Martin's supplement. Such gamesmanship should not be permitted. Should the Court grant Defendant's request, Plaintiff requests that Dr. Neumark be permitted to respond through a supplemental report or declaration two weeks after receiving Dr. Martin's supplement (and that expert discovery deadlines be extended accordingly).

Sincerely,

Christine E. Webber

The defendant's letter has prompted the Court to realize that its Order of September 12, 2024, is not properly worded. The Court's intention had been to allow the defendant to respond to the plaintiff's supplement without the need for any further application. The Court intended to require an application only if defendant sought to adjourn the deposition date for Dr. Neumark. No such adjournment was sought. Accordingly, the request in defendant's letter is moot.

As to the timing of the supplemental response, it shall be served no later than October 25, 2024. If plaintiff thinks this gives her insufficient time to prepare for Dr. Martin's deposition, plaintiff and defendant should work out a deposition date that is mutually convenient and inform the Court of the new date in a letter. (The deadline in paragraph "2" of Docket # 308 will be measured from this new date).

On the current record, the Court denies the request that plaintiff be allowed to respond to Dr. Martin's proposed supplemental response. Plaintiff asked to supplement her expert's report, which the Court granted. The Court also determined that defendant should be allowed a written response to that supplement. The exchange of expert opinions must end at some point. The response to plaintiff's supplement should be enough – absent a showing of some unusual prejudice that could presumably be determined only after plaintiff has seen Dr. Martin's response.

As to whether Dr. Neumark was improperly denied an opportunity to comment on Dr. Martin's response at his deposition, the Court sees no prejudice to plaintiff. The purpose of an expert deposition is to allow questioning by the opposing side, not to give the expert an opportunity to offer new opinions. It is defendant who has lost the opportunity to depose Dr. Neumark about Dr. Martin's response. The Court sees no reason to require that Dr. Neumark be deposed again.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

October 23, 2024