# COHENMILSTEIN

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
cohenmilstein.com

Christine E. Webber
**O:** 202.408.4600
**D:** 202.408.4616
cwebber@cohenmilstein.com

November 14, 2024

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/2024
```

The Honorable Gregory H. Woods
U.S. District Court, Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

**MEMORANDUM ENDORSED**

Re: *Ndugga v. Bloomberg L.P.*, No. 20 Civ. 7464 (GHW)(GWG)

Dear Judge Woods:

Pursuant to Section 2(E)(i) of Your Honor's Individual Rules of Practice in Civil Cases and the governing Scheduling Order, Dkt. 308, Plaintiff respectfully submits this letter to request a pre-motion conference to seek permission to file a Motion for Class Certification.

Plaintiff Naula Ndugga, formerly a producer at Defendant Bloomberg L.P. ("BLP"), seeks to certify classes of female reporters, producers, and editors who held non-supervisory roles and were subject to BLP News's compensation system for work performed at any time in New York from August 9, 2017 through December 31, 2020 and nationwide from February 3, 2021 through December 31, 2021.[1] Plaintiff will show that she can satisfy the requirements of both Fed. R. Civ. P. 23(a) & (b). *See Lawrence v. NYC Med. Prac., P.C.*, 2024 WL 307842, at *3 (S.D.N.Y. Jan. 26, 2024) (citation omitted) ("The ultimate question is not whether the plaintiffs have stated a cause of action or will prevail on the merits but whether they have met the requirements of Rule 23.").

### I. Plaintiff Will Satisfy the Requirements of Rule 23(a)

***Numerosity, Fed. R. Civ. P. 23(a)(1), & Ascertainability.*** In the Second Circuit, "numerosity is presumed at a level of 40 [class] members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). According to data produced by Defendant under Court order, Dkt. 207, both the putative New York class and the U.S. class consist of over 300 women each. Numerosity is thus met. These data and BLP's other employment records also establish the implied requirement that membership in the class be ascertainable. *See, e.g.*, *Lawrence*, 2024 WL 307842, at *9 ("[A] class is ascertainable where its members can be determined using objective documentation, such as Defendants' employment records.").

---

[1] Through discovery, Plaintiff has learned confidential information that has led her to refine and narrow her allegations in this matter. Plaintiff will articulate her precise proposed class and subclass definitions and arguments supporting class certification if permitted to file her Motion.

COHENMILSTEIN

November 14, 2024
Page 2

***Commonality, Fed. R. Civ. P. 23(a)(2).*** Commonality "requires only a single common question of law or fact." *Kennedy v. Aegis Media Americas, Inc.*, 2023 WL 5294132, at *1 (S.D.N.Y. Aug. 17, 2023); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (a question of law or fact is common to the class if it is "capable of classwide resolution"). Here, Plaintiff can show that BLP's compensation decision-making process was common to the putative class members. *See, e.g., Finch v. N.Y. State Off. of Child. & Fam. Servs.*, 252 F.R.D. 192, 201 (S.D.N.Y. 2008) (finding commonality where "[t]he core of this action arises from the same course of conduct by a single system, despite any circumstances that might vary among class members"); *see also Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 84-85 (2d Cir. 1990). As Plaintiff will illustrate in her Motion, Editorial Management Committee (EMC) member Reto Gregori, BLP's Deputy Editor-in-Chief, had a visible and invisible hand at every stage of BLP's compensation process. *Ndugga v. Bloomberg L.P.*, 2023 WL 4744184, at *6-8 (S.D.N.Y. July 25, 2023) (allowing class disparate treatment and disparate impact claims to proceed based on Plaintiff's allegations related to the EMC's discretionary control over compensation); *see also Dukes*, 564 U.S. at 350 (commonality may be satisfied if class members were subject to the decision-making of a single supervisor). Mr. Gregori's decision-making pervaded putative class members' compensation on a systematic and individualized basis. He altered the rules of the algorithm that BLP uses to propose bonuses and pay adjustments, directed changes in the resulting proposals at the outset of the compensation review before managers saw the "algorithm's" proposals, and then made changes to bonus and new salary again at the end of the compensation process. He had final say over all starting pay decisions, and directed changes to individuals' performance ratings, a key input of the algorithm. Throughout the class periods, Mr. Gregori had both the first and last word on class members' compensation. Plaintiff's expert found that Mr. Gregori's decision-making resulted in both classes of women being paid statistically significant amounts less than similarly situated men.[2] In sum, commonality is satisfied.

***Typicality, Fed. R. Civ. P. 23(a)(3).*** Typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) (internal citation omitted). Plaintiff Ndugga was subject to Mr. Gregori's decision-making authority related to her pay. As a member of News, she was subject to the same algorithm and associated "algo rules"—the direction of which Mr. Gregori controlled—and also experienced individual adjustments to her pay by Mr. Gregori. Plaintiff's theory of the pay discrimination she

---

[2] "[A] 'battle of the experts' is not appropriate at the class certification stage, as the relevant question is only whether Plaintiff's expert's methodology will apply to the entire class"—not the merits of experts' methodological choices. *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 186 (S.D.N.Y. 2008). At this stage, the Court need only consider whether Plaintiff "propose[s] a model capable of measuring class-wide damages attributable to []he[]r theory of liability." *McAlister v. Metro. Life Ins. Co.*, 2023 WL 5769491, at *5 (S.D.N.Y. Sept. 7, 2023). "Plaintiff[] here ha[s] proposed such a model, even if Defendant[] do[es] not agree it is the correct one." *Id.*

COHENMILSTEIN

November 14, 2024
Page 3

experienced is consistent with that experienced by the class.[3]

**Adequacy, Fed. R. Civ. P. 23(a)(4).** A class representative is adequate if she "vigorously pursu[ed] the claims of the class, and . . . [has] no interests antagonistic to the interests of other class members." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006). Plaintiff Ndugga has participated fully in discovery, including producing over 6,500 documents (including highly sensitive medical records), responding to interrogatories and requests for admission, and sitting for a full-day deposition. While she pursues additional individual claims, she shares the discriminatory pay claims of the classes and has no conflicts of interest. *See, e.g.*, *Chalmers v. City of New York*, 2022 WL 4330119, at *16 (S.D.N.Y. Sept. 19, 2022) (finding adequate named plaintiffs who share claims with absent class members and participated in discovery). Plaintiff's counsel are qualified and experienced in litigating both class actions and sex discrimination cases, and are therefore adequate to serve as Class Counsel. *E.g.*, *Bird v. Garland*, No. 1:19-cv-01581-JMC, Dkt. 104, ¶ 7 (D.D.C. Oct. 16, 2024) (finding the same Cohen Milstein attorneys adequately represented class in a sex discrimination case); *see also Lawrence*, 2024 WL 307842, at *7 (counsel are adequate where they have "the requisite experience and qualifications"). Accordingly, Plaintiff can satisfy the adequacy requirements.

## II. Plaintiff Will Satisfy the Requirements of Rule 23(b)(3)

Plaintiff will satisfy the two requirements of Rule 23(b)(3). The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Because "plaintiff[']s[] claims arise from a common policy and rely on a common legal theory, the predominance requirement is satisfied." *Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 75 (S.D.N.Y. 2018) (internal citation omitted). Furthermore, because of the intimidating cost of litigation compared to the individual damages at issue, as well as potential concerns about career ramifications, "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see, e.g.*, *Lawrence*, 2024 WL 307842, at *8. Accordingly, Plaintiff has satisfied the superiority requirement of Rule 23(b)(3).

In sum, Plaintiff requests a conference to discuss her request to file a Motion for Class Certification. She also asks for a modest extension of pages to 35 for her Motion memoranda and 15 for her Reply. *See* Individual Rules of Practice in Civil Cases 3(A).

---

[3] That Plaintiff (a Black woman) also experienced and has individual claims for a race-based hostile environment and retaliation, which Defendant may recast as "performance issues," does not defeat typicality. *See, e.g.*, *Chen-Oster v. Goldman, Sachs & Co.*, 325 F.R.D. 55, 79-80 (S.D.N.Y. 2018) (finding typicality where plaintiffs had individual retaliation claims).

COHENMILSTEIN

November 14, 2024
Page 4

Dated: November 14, 2024                    Respectfully Submitted,

                                            */s/ Christine E. Webber*
                                            Christine E. Webber
                                            Rebecca A. Ojserkis
                                            Dana Busgang
                                            Donna H. Clancy

                                            *Counsel for Plaintiff*

By the Court's order dated November 18, 2024, this anticipated motion has been referred to Judge Gorenstein. As a result, no pre-motion conference before Judge Woods is required. The parties are directed to Judge Gorenstein's individual rules.

SO ORDERED.

Dated: November 18, 2024
New York, New York                  _____
                                    GREGORY H. WOODS
                                    United States District Judge