UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NAULA NDUGGA, ON BEHALF OF HERSELF AND SIMILARLY SITUATED WOMEN, | : : : : | 20-cv-07464 (GHW) (GWG) |
| Plaintiff, | : : | **ECF CASE** |
| -against- | : : | |
| BLOOMBERG L.P., | : : : | **DECLARATION OF ELISE M. BLOOM, ESQ. IN SUPPORT OF LETTER-** |
| Defendant. | : : | **MOTION TO SEAL** |

I, Elise M. Bloom, Esq., declare, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a member of the law firm Proskauer Rose LLP, attorneys for Defendant Bloomberg L.P. ("BLP") in the above-captioned action. I am fully familiar with the facts set forth herein. I submit this declaration pursuant to Paragraph 15 of the Amended Confidentiality Agreement and Protective Order (Dkt. 88) (the "Confidentiality Order") to explain the need for the sealing of certain information designated by BLP as Confidential and that Plaintiff filed in connection with her Opposition to BLP's Motion to Exclude the Opinions and Testimony of David Neumark (Dkts. 358-360).

2. Plaintiff's Exhibit 1 (Reto Gregori deposition transcript excerpts), Exhibit 2 (Lisa Jennings deposition transcript excerpts), Exhibit 3 (Krista Sullivan deposition transcript excerpts), Exhibit 4 (Shelby Siegel deposition transcript excerpts), Exhibit 8 (BLP_Syeed_0006628-6629), Exhibit 9 (BLP_Syeed_0006725-6726), Exhibit 10 (BLP_Syeed_0006595), Exhibit 11 (BLP_Syeed_0006593), Exhibit 12 (BLP_Syeed_0006828), Exhibit 13 (BLP_Syeed_0010394-10395), Exhibit 14 (BLP_Syeed_0006619), Exhibit 15 (BLP_Syeed_0009627), Exhibit 16

(BLP_Syeed_0012892), Exhibit 17 (BLP_Syeed_0011364), Exhibit 18 (BLP_Syeed_0013433), Exhibit 19 (BLP_Syeed_0012995), Exhibit 21 (BLP_Syeed_0012712-12713), Exhibit 23 (BLP_Syeed_0006163), and Exhibit 44 (BLP_Syeed_0015801-15818) contain confidential information relating to BLP's performance evaluation and/or compensation policies and processes, as well as BLP's internal organizational structure. This includes information about the operations of the algorithm used to calculate initial values as part of BLP's annual compensation processes, the algorithm rules, specific funding amounts for compensation increases and bonuses in specific years, the performance thresholds for receiving salary raises and bonuses, criteria considered in forming Peer Groups used in connection with performance and compensation decision-making, and the purpose behind forming Peer Groups. BLP does not disclose this confidential information to the general public and treats the details of its performance evaluation and compensation processes as proprietary business information. BLP designated these documents as Confidential (in whole or in relevant part) pursuant to the Confidentiality Order during discovery.

3. Plaintiff's Exhibit 20 (BLP_Syeed_0012891), Exhibit 25 (BLP_Syeed_0012719-12720), Exhibit 26 (BLP_Syeed_0012850), Exhibit 27 (BLP_Syeed_0012206-12207), Exhibit 28 (BLP_Syeed_0015732), Exhibit 31 (BLP_Syeed_0015736), Exhibit 32 (BLP_Syeed_0013019-13020), Exhibit 33 (BLP_Syeed_0012990-12991), Exhibit 34 (BLP_Syeed_0011260), Exhibit 35 (BLP_Syeed_0012918), Exhibit 36 (BLP_Syeed_0012954-12956), Exhibit 37 (BLP_Syeed_0013031), and Exhibit 38 (BLP_Syeed_0013071) contain personal and private information about various third-parties, including candid discussions amongst senior managers regarding specific employees' performance and compensation. BLP does not disclose this confidential information to the general public and seeks to maintain the privacy interests of non-

parties. BLP designated these documents as Confidential (in whole or in relevant part) pursuant to the Confidentiality Order during discovery.

4. Plaintiff's Exhibit 5 (Denise Martin deposition transcript excerpts), Exhibit 6 (David Neumark deposition transcript excerpts), Exhibit 29 (Expert Report of Denise Neumann Martin, Ph.D.), Exhibit 39 (Expert Report of David Neumark), and Exhibit 40 (David Neumark's Supplemental Tables) contain the testimony, reports and/or analyses of the parties' respective expert witnesses. These documents contain detailed confidential information relating to BLP's compensation policies and procedures, including specific dollar amounts referenced by the parties' experts, references to certain employees who are not parties to this litigation and/or compensation decisions made related to them, and summaries of confidential testimony and documentary evidence in the record regarding BLP's performance rating system and the algorithm utilized by BLP in connection with the annual compensation decision-making processes. BLP designated these documents as Confidential (in whole or in relevant part) pursuant to the Confidentiality Order during discovery.

5. Plaintiff's Exhibit 7 (BLP_Syeed_0015932), Exhibit 22 (BLP_Syeed_0010380), Exhibit 24 (BLP_Syeed_0014849-14850), Exhibit 41 (BLP_Syeed_0000535), Exhibit 42 (BLP_Syeed_0000542), Exhibit 43 (BLP_Syeed_0000536), and Exhibit 45 (BLP_Syeed_0015932) contain detailed confidential information relating to BLP's performance evaluation and compensation policies and procedures, as well as its internal organizational structure. This includes information about the functionalities and analytics that can be run in BLP's compensation system (called "BOCS"), excerpts of logs reflecting managerial changes to the annual compensation of specific employees, internal talking points for conversations with managers regarding how Peer Groups were determined and the purpose of Peer Groups, and

specific rules applied by the algorithm utilized by BLP in connection with the annual compensation decision-making processes. BLP designated these documents as either Attorneys' Eyes Only or Confidential pursuant to the Confidentiality Order during discovery.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York  /s/ *Elise M. Bloom*
March 20, 2025  Elise M. Bloom