Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

July 21, 2025

Elise M. Bloom
Member of the Firm
d +1.212.969.3410
f 212.969.2900
ebloom@proskauer.com
www.proskauer.com

**By ECF**

The Honorable Gabriel W. Gorenstein
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Ndugga v. Bloomberg L.P*., Civil Action No. 20-cv-07464 (GHW) (GWG)

Dear Judge Gorenstein:

We represent Defendant Bloomberg L.P. ("BLP") in the above-referenced matter. Consistent with Paragraph 2.E of Your Honor's Individual Practices and Paragraph 15 of the Amended Confidentiality Agreement and Protective Order (Dkt. 88) (the "Confidentiality Order"), BLP submits this letter-motion and supporting declaration to respectfully request an Order sealing certain of its confidential information that was filed by Plaintiff in connection with her Reply in Support of Plaintiff's Motion for Class Certification (Dkts. 381-386) (the "Reply").

For the reasons set forth below, sealing of BLP's confidential information that was filed by Plaintiff with her Reply—namely, summaries in her Reply brief of highly sensitive information regarding BLP's compensation and performance evaluation policies and procedures, as well as her counsel's purported analysis of BLP's confidential employee compensation records—is appropriate in light of the Second Circuit's decision in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). BLP therefore respectfully requests that the Court permit the following to be maintained on the public docket with redactions:

- Certain portions of Plaintiff's Reply brief containing redactions for references to BLP's confidential information (Dkts. 381, 385), except to the extent set forth in Section II.A below; and
- Redacted portions of the Declaration of Christine E. Webber in Support of Plaintiff's Reply in Support of her Motion for Class Certification (Dkts. 382, 386) ("Webber Declaration").

I. **Applicable Legal Standard.**

In *Lugosch*, the Second Circuit articulated three steps that courts should follow to determine whether a document may be sealed. First, the court must determine whether the materials are "judicial documents" to which a presumption of public access attaches. *Lugosch*, 435 F.3d at 119. Second, if the materials are "judicial documents," the court determines the weight of the presumption of access by examining "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. Third, after determining the weight of the presumption of access, the court

must "balance competing considerations against it." *Id*. at 120; *see also Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) ("[T]he court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access."). "[T]he right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Documents may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120.

It is well established that sealing is appropriate to protect confidential business information. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (upholding district court's finding that the defendant's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) ("[B]ecause Plaintiffs' privacy interests and the likely harm they may suffer if this 'highly proprietary material' is revealed to their competitors outweigh the presumption of public access, the Court authorizes the sealing of the redacted statements."); *Skyline Steel, LLC v. PilePro, LLC*, 101 F. Supp. 3d 394, 412-13 (S.D.N.Y. 2015) (granting motion to seal emails revealing confidential business decisions); *Mark v. Gawker Media LLC*, 2015 WL 7288641, at *2 (S.D.N.Y. Nov. 16, 2015) (granting motion to seal documents in order to protect, *inter alia*, defendant's confidential business information); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing "highly proprietary material" because the privacy interests outweighed the presumption of public access).

Courts have also repeatedly recognized that sealing is appropriate to protect the privacy interests of third parties. *See, e.g.*, *In re Google Digit. Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (sealing names, job titles and email addresses of non-party employees); *Whittaker v. MHR Fund Mgmt. LLC*, 2021 WL 4441524, at *3 (S.D.N.Y. Sept. 28, 2021) (sealing employees' compensation and bonus information where revealing such information would "implicate the privacy interests of innocent third parties" and where the defendant "maintain[ed] the confidentiality of such information 'religiously'"); *Al Thani v. Hanke*, 2021 WL 2789276, at *1 (S.D.N.Y. Jan. 15, 2021) (granting request to redact personal information, including names, from a publicly filed exhibit on the grounds that "the privacy interests of [defendants'] investors, who are not parties to this case and whose identities are not relevant to the resolution of the motions to dismiss, outweigh the presumption of public access" and the redactions were "narrowly tailored to protect the investors' privacy interests"). In weighing the presumption of access against the "countervailing factor" of privacy, "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (citation omitted).

**II.      BLP's Narrowly Tailored Sealing Requests Are Consistent With *Lugosch*.**

   **A.      *BLP Does Not Seek Sealing of the Portions of Plaintiff's Reply Brief Containing Information that Has Already Been Publicly Filed.***

Plaintiff's Reply brief redacts certain information that she previously publicly filed in her moving brief, or that was already included in the publicly filed version of BLP's opposition brief. BLP therefore does not request that the following words or phrases be maintained under seal:

- "Algorithm and Algo Rules" on p. i;
- Three uses of "algorithm" as stand-alone words in the second paragraph on p. 3 (the paragraph beginning with "Defendant's greatest…");
- "Algorithm and Algo Rules" on p. 7;
- Two uses of "the algorithm" and "details of the algorithm" on p. 15;
- "algorithmic" on p. 20; and
- All redacted text on pp. 21 & 22.

   **B.      *The Remaining Redactions in Plaintiff's Reply Brief and in the Webber Declaration Should Be Maintained.***

Other than as set forth above, the remainder of the information filed by Plaintiff in her Reply brief with redactions reflects or summarizes confidential testimony and other evidence in the record regarding BLP's performance evaluation and compensation policies and processes. This includes highly sensitive information about the operations of the algorithm used to calculate initial values as part of BLP's annual compensation processes, the specific "rules" applied by the compensation algorithm, the criteria used in the performance evaluation processes, the criteria used to set up Peer Groups, BLP's internal organizational structure, and the compensation decision-making processes. Most of the redacted portions of Plaintiff's Reply brief are summarizing confidential information cited in her opening brief, including documents and testimony about BLP's highly confidential internal processes and/or personal and private information about various third-parties, such as candid discussions amongst senior managers regarding specific employees' performance and compensation. (*See, e.g.,* Reply p. 1) (citing multiple sections of the Motion where dozens of confidential exhibits were cited). For the same reasons that BLP previously requested to seal the same, or similar, information in connection with Plaintiff's moving brief or in its opposition to class certification (*see* Dkts 337 & 377), Plaintiff's descriptions of BLP's confidential information in her Reply brief also should be redacted on the public docket.

The Webber Declaration also has been publicly filed with limited redactions pertaining to Plaintiff's counsel's purported self-created "analysis" of BLP_Syeed_0015932, a document containing highly confidential logs produced by BLP from its compensation system (called "BOCS") reflecting managerial changes to the annual compensation of individual employees. The information redacted in the Webber Declaration reflects the specific dollar amounts of salaries for employees in various "quartiles," including the lowest and highest salaries contained in the BLP_Syeed_0015932 (supposedly after Plaintiff's counsel's modifications) and the claimed salary

3

ranges for each quartile. This specific salary amounts for employees who are not parties to this litigation, as well as the distribution of employee salaries, is not pertinent to this motion.[1]

BLP has designated all of the documents and testimony that Plaintiff is describing and/or summarizing in her Reply brief and the Webber Declaration as confidential in the course of discovery. The confidential business information contained in these documents is proprietary to BLP. There is no compelling reason why the general public should have access to the information described above, as this Court has recognized previously in sealing the same, or similar, documents—and summaries thereof in the parties' written submissions—in this case. *See* Dkt. 294 (sealing discussion of BLP's compensation practices and information related to algorithm and algorithm rules in the parties' letter-motions, as well as the underlying exhibits); *see also* Dkt. 172 (granting request to seal algorithm rules); Dkts. 195 & 232 (sealing training materials discussing Peer Groups and BLP's compensation practices in full). BLP accordingly requests that the Court allow the aforementioned portions of Plaintiff's Reply brief and the Webber Declaration to be maintained on the public docket with redactions.

### III. Conclusion.

BLP's requests to maintain under seal its confidential information are narrowly tailored to protect the legitimate privacy information of third-parties and BLP's proprietary information and therefore are consistent with *Lugosch*. Accordingly, BLP respectfully requests that the Court permit the discussions of its confidential information in Plaintiff's Reply brief and the Webber Declaration to be maintained with redactions to the extent set forth above.

Respectfully submitted,

*/s/ Elise M. Bloom*

Elise M. Bloom

cc:   All Counsel of Record (*via ECF*)

---

[1] This is all the more true given that Plaintiff's counsel's newly created analysis is not reliable, nor is it even restricted to the relevant employee population analyzed by the parties' respective experts (*i.e.*, individuals in the two putative classes and their male counterparts). As set forth in more detail in BLP's sur-reply (Dkt. 392), the specific dollar amounts in paragraph 3(a) of the Webber Declaration include the salaries for all reporters, editors and producers nationwide in 2018, even though Plaintiff's proposed class during this time period is restricted to ***only*** New York-based employees. *See* Mot. at 25-26 (setting forth proposed class definitions). Moreover, the highest employee salary recited in paragraph 3(a) of the Webber Declaration is not even correct, as the data does not contain any salary in U.S. Dollars that "tops out" at the figure Plaintiff's counsel claims it does.