**COHEN MILSTEIN**

Cohen Milstein Sellers & Toll PLLC
1100 New York Ave. NW, Suite 800
Washington, DC 20005
cohenmilstein.com

Christine E. Webber
**O:** 202.408.4600
**D:** 202.408.4616
cwebber@cohenmilstein.com

July 21, 2025

The Honorable Gabriel W. Gorenstein
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Ndugga v. Bloomberg L.P.*, No. 20 Civ. 7464 (GHW)(GWG)

Dear Judge Gorenstein:

      On July 15, 2025, the Court granted Defendant "permission to file a sur-reply" with respect to "only matters newly raised in the reply papers" on class certification. Dkt. 389. Defendant had identified only two matters it believed to be new: the contents of Plaintiff's declaration and the contents of paragraph three of the Webber Declaration. Dkt. 388. Defendant submits a sur-reply that extends beyond those topics. Despite Defendant's new disclaimer that it is not seeking to strike these declarations, Dkt. 395 at 6 n.4, it still argues the declarations are "inadmissible" and should be "disregarded," *id.* at 2, 3, 5, 6, 9, 10. Defendant's word games around the Court's caveated permission to file a sur-reply should therefore permit Plaintiff's brief response below addressing Defendant's effective motion to strike, and pointing out what exceeded the bounds of this Court's permission for the sur-reply.

      Twice, Defendant's sur-reply reiterates its arguments about the timing of these declarations. Dkt. 395, §§ I.A, II.A. The Court already addressed these objections by allowing a sur-reply. Dkt. 389 (defendant faces "no prejudice" if "permitted to address the new materials by means of a sur-reply"); *see also Bayway Refin. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) (affirming district court's decision to consider evidence submitted on reply "to avoid giving unfair advantage to the answering party," particularly since the information considered was unsurprising and faced no contrary evidence (citation omitted)). Defendant does not claim the contents of the Ndugga declaration are inconsistent with any evidence. And contrary to Defendant's assertion, Dkt. 395 at 6, the contents of paragraph three of the Webber Declaration are not new. Plaintiff's opening motion expressly argued that the changes to compensation made by Gregori "were not just made to high salary employees or those reporting directly to Gregori, but to employees across salary levels and seniority." Dkt. 330 at 17 (citing examples from the BOCS data). Moreover, Exhibit 63, Dkt. 333-63, in support of Plaintiff's Motion was the BOCS data filtered to show each instance of Gregori making changes—the very data summarized in paragraph three of the Webber Declaration. In short, neither the Reply's argument, nor the declaration's reliance on the evidence is new; it was merely highlighting a more detailed summary from voluminous evidence in support of the argument already made. Sections I.A and II.A of Defendant's sur-reply should be disregarded.

COHENMILSTEIN

Page 2

Defendant also improperly goes for a second bite of the apple on its adequacy arguments. Dkt. 395, § I.B. Plaintiff's declaration relates to arguments Defendant raised in Section IV.B of its Opposition—that Plaintiff had purportedly not offered proof of her adequacy. Dkt. 379, § IV.B. But now Defendant uses its sur-reply as a second chance to repeat its arguments from a *different section* of its Opposition—that plaintiff allegedly lacked adequate familiarity with the facts of this case. Dkt. 379, § IV.C. Defendant's attempts to engage with the legal authority cited by Plaintiff in her Reply, *see* Dkt. 395 at 4-5, is beyond the authorization for this sur-reply and should not be considered.

The only portions of Defendant sur-reply that are arguably permitted under the Court's July 15, 2025 Order are Sections II.B-C. The Court granted Plaintiff leave to respond if Defendant argued that the calculations contained in the Webber Declaration were not those "within the ken of a layman and that could have been contained in a memorandum of law." Dkt. 389. Defendant maintains that "a relevant analysis would have required the assistance of an expert." Dkt. 395 at 6 n.4. Yet defense counsel engaged in comparable calculations in a declaration submitted to support Defendant's Opposition to class certification. In her declaration, Elise Bloom proffered details about "total compensation" for women in the class. Dkt. 380, ¶¶ 38-41. But the data on which she relied (BLP_Syeed_0015934) does not contain such a column. Ms. Bloom could have only determined the numbers contained in her calculation by performing mathematical calculations just like the ones in the Webber Declaration, and exercising judgment about who was within the class. Neither demanded expertise, and thus both are admissible.

BLP also argues in its sur-reply that the data summarized in the Webber Declaration were not limited to the class periods. The declaration did not claim otherwise. The data are still useful in illustrating the role that Reto Gregori paid in controlling compensation decisions. There is no reason to think that Gregori exercised his authority differently in 2022 from how he exercised it in 2018-2021, or that he exercised his authority differently as to BLP employees outside the U.S. than inside it. If there were such reason, BLP would surely have pointed that out. Thus, the evidence of Gregori's activity is relevant, even though not entirely limited to the relevant classes, and admissible.

BLP's further assertion that the declaration's report of 766 changes should be compared to Dr. Martin's "389," Dkt. 395 at 8 (citing Martin Report ¶ 48(e), in which she reports 286 changes to bonuses and 389 adjustments to total compensation, for a total of 675), highlights BLP's failure to carefully read its own expert's report. Dr. Martin separated her count into changes to salary and changes to bonus, whereas the total in the Webber Declaration was not so divided. This difference in total number of changes counted is not a basis to render paragraph three of the Webber Declaration inadmissible.

Dated: July 21, 2025                                     Respectfully Submitted,

                                                         */s/ Christine E. Webber*

COHENMILSTEIN

Page 3

                                        Christine E. Webber
                                        Rebecca A. Ojserkis
                                        Dana Busgang
                                        Donna H. Clancy