UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAULA NDUGGA et al.,                                 :

          Plaintiffs,                          :

   -v.-                                              :

BLOOMBERG L.P.,                                       :

          Defendant.                           :
------------------------------------------------------------X

ORDER

20 Civ. 7464 (GHW) (GWG)

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

      The Court has considered the applications of defendant Bloomberg L.P. ("Bloomberg") to seal or maintain redactions in a number of documents filed in connection with Bloomberg's motion to exclude opinions and testimony of plaintiff Ndugga's expert witness, Dr. David Neumark (Docket # 344) (the "Daubert motion") and in connection with Ndugga's motion for class certification (Docket # 329). The motions to seal and supporting declarations with respect to class certification are filed at Dockets ## 328/335/337/338/339, 377/378, 384/393/394, and 397/398. The motions to seal and supporting declarations with respect to the motions to exclude Dr. Neumark's testimony are filed at Docket ## 349/350, 357/361/362, and 367/368.

      Bloomberg does not contest that the documents it seeks to seal or maintain redactions for are "judicial documents" to which the presumption of public access attaches," Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). The legal framework for our consideration of these applications is set forth in this Court's decision in Aberdeen City Council v. Bloomberg, L.P., 2023 WL 5254757 (S.D.N.Y. Aug. 16, 2023). We incorporate by reference our discussion of those standards. In contrast to Aberdeen, however, the sealing and redaction requests at issue here pertain to documents submitted in connection with a Daubert motion and a class certification motion rather than a discovery dispute. Filings related to Daubert motions and class certification motions are subject to a strong presumption of access under the common law and the First Amendment. In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & Versys Femoral Head Prods. Liab. Litig., 2021 WL 4706199, at *2 (S.D.N.Y. Oct. 8, 2021) ("Filings related to Daubert motions are judicial documents subject to a significant presumption of access under the common law and the First Amendment."); Tropical Sails Corp. v. Yext, Inc., 2016 WL 1451548, at *3 (S.D.N.Y. Apr. 12, 2016) ("the more stringent First Amendment framework applies" to class certification filings).

      Thus, while in the past the Court has allowed sealing of materials similar to or identical to the documents now sought to be sealed, see, e.g., Docket # 172, those rulings have no bearing on our decision regarding the instant applications because the prior applications were in relation to discovery disputes where the presumption of access is given only "modest" weight. See Aberdeen City Council, 2023 WL 5254757, at *2. By contrast, large swaths of the memoranda of law in support of and in opposition to the class certification and Daubert motions have been redacted, making the public virtually unable to understand the parties' arguments.

The support for the motions to seal consists of various declarations of Bloomberg's attorney, Elise Bloom (Docket ## 338, 350, 362, 368, 378, 394, 398).  In Docket # 350 for example, Bloom attests that the documents sought to be sealed

> contain detailed confidential information relating to BLP's compensation policies and procedures, including specific dollar amounts referenced by the parties' experts, references to certain employees who are not parties to this litigation and/or compensation decisions made related to them, and summaries of confidential testimony and documentary evidence in the record regarding BLP's performance rating system and the algorithm utilized by BLP in connection with the annual compensation decision-making processes.

Docket # 350, ¶ 2.  In another paragraph, Bloom attests that the documents sought to be sealed

> contain confidential information relating to BLP's performance evaluation and/or compensation policies and processes, as well as BLP's internal organizational structure.  This includes information about the operations of the algorithm used to calculate initial values as part of BLP's annual compensation processes, the algorithm rules, specific funding amounts for compensation increases and bonuses in specific years, the performance thresholds for receiving salary raises and bonuses, criteria considered in forming Peer Groups used in connection with performance and compensation decision-making, and the purpose behind forming Peer Groups.  BLP does not disclose this confidential information to the general public and treats the details of its performance evaluation and compensation processes as proprietary business information.

Docket # 350, ¶ 3.  The remaining declarations contain similar language.

We find that these assertions of confidentiality are conclusory and thus impermissible.  Anonymous v. Anonymous, 2024 WL 2136745, at *3 (S.D.N.Y. May 13, 2024) ("conclusory assertions of harm" are insufficient) (cleaned up).  To show harm, it is not enough for Bloomberg to say that it does not generally disclose particular information to the general public or that it "treats," Docket # 350, ¶ 3, the information as proprietary.  Rather, there must be a showing that some harm would befall Bloomberg if the information were released.  Optionality Consulting PTE. LTD. v. Edge Tech. Group LLC, 2024 WL 1464660, at *2 (S.D.N.Y. Apr. 4, 2024) (rejecting clam of confidentiality where party did not "explain . . . how harm will result"); Vinci Brands LLC v. Coach Services, Inc., 2023 WL 6289969, at *2 (S.D.N.Y. Sept. 27, 2023) (rejecting claim of confidentiality where "the parties do not explain how public access . . . . would 'cause competitive harm'").  Indeed, case law holds that "[t]he party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."  In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009).  No such specific showing has been made here.  Accordingly, Bloomberg has not overcome the presumption of public access that attaches to the documents sought to be sealed.  See Aberdeen City Council, 2023 WL 5254757, at *2.

That being said, the Court accepts that it is self-evident that certain narrow categories of information are unimportant to the public and would incur relatively high costs to Bloomberg

and third parties if publicly filed.  The categories in question consist of specific numbers used as inputs to the algorithm governing compensation (including performance rating thresholds or dollar amounts), algorithm rules, individual salary amounts, aggregate funding amounts for compensation increases and bonuses, and personally identifiable information of Bloomberg nonparty employees, such as name, start date, and other biographical information (and discussions of individual employees that might reveal their identities).[1]  These types of information are collateral to the factual and legal issues central to the resolution of the motions, have little value to the public, and there are obvious reasons why they should not be filed publicly.  Thus, the Court finds that countervailing factors outweigh the presumption of access.  See Aberdeen City Council, 2023 WL 5254757, at *2.

As to other categories, Bloomberg has not met its burden of overcoming the presumption that the public has a right of access to these materials.  However, at this time, the Court is not requiring immediate unsealing.  Instead, it is prepared to give Bloomberg the opportunity to be more specific in its request for redactions and, if it can, make the case for sealing or redaction as to some narrow category of documents not already covered by this Order.  Any new declaration in support of sealing must be made by an individual with personal knowledge of the harm that would befall Bloomberg if the proposed sealing is not accepted.

Still, Bloomberg should not attempt to overreach.  For example, while Bloomberg seeks to keep as confidential the criteria used to set initial salaries and compensation increases, see, e.g., Docket # 349 at 3, these criteria appear obvious and are undoubtedly used already by many other companies.  Similarly, the factual allegations Ndugga relies on to assert that Gregori inserted himself into and/or controlled the compensation system — as set out in Docket # 330 at 5-19 and responded to in Docket # 379 at 5-15 and which do not reference the names of any individuals — are unlikely to warrant sealing.

In considering whether to make a further application to seal, Bloomberg should be aware that the Court believes that if information was filed as an exhibit but is not specifically addressed in the parties' briefing, such information may be entitled to a lower presumption of public access.  On the other hand, if the information is important enough to be described in the parties' briefing, a very strong showing will have to be made to justify redaction.  In the end, the Court's goal is to unseal information in a manner that allows for few or no redactions in the parties' memoranda of law.

Accordingly, the motions to seal (Dockets ## 328, 335, 337, 339, 349, 357, 361, 367, 377, 384, 393, and 397) are granted in part and denied in part as set forth above.  Bloomberg is directed to arrange for refiling within 21 days of the seven memoranda of law and the supporting documents filed in connection with the motions either (1) showing only the redactions permitted

---

[1] This category also includes the following descriptions of redactions as made by Bloomberg: "specific dollar amounts referenced by the parties' experts that are not pertinent to this motion, references to specific employees who are not parties to this litigation," "the specific funding amounts for compensation increases and bonuses in specific years, [and] the performance thresholds for receiving salary raises and bonuses."  Docket # 349, at 3.

by this Order[2] or, if Bloomberg files a new declaration, (2) showing only the redactions that would be permitted under the sealing sought in that declaration.  In either case, Bloomberg should file a letter that specifically identifies what underlying documents are being filed in sealed or partially-redacted form.  If choice (2) is elected, the Court will examine the declaration or letter and then issue a new Order indicating what redactions or sealings the Court is accepting.

Any new versions of the documents that are filed shall contain in the name and docket entry a reference to the original docket number (for example, "Memorandum of Law In Opposition to Plaintiff's Motion for Class Certification (originally filed as Docket ## 375/379)").

Dated:  August 11, 2025

New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[2] If Bloomberg has any difficulty interpreting the requirements of this Order, it has leave to seek clarification provided it does so within the 21-day period.  Any request for clarification will stay 21-day deadline for filing.